| | |
|---|---|
| 1 | Evan S. Nadel (CA Bar No. 213230) |
| 2 | KILPATRICK TOWNSEND & STOCKTON LLP |
|  | ENadel@kilpatricktownsend.com |
| 3 | Two Embarcadero Center, Suite 1900 |
|  | San Francisco, CA  94111 |
| 4 | Telephone:   (415) 576-0200 |
|  | Facsimile:    (415) 576-0300 |

Rita Weeks (CA Bar No. 232396)
Rweeks@kilpatricktownsend.com
Marc A. Lieberstein (*pro hac vice* application forthcoming)
MLieberstein@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1114 Avenue of the Americas
New York, NY 10036
Telephone:   (212) 775-8700
Facsimile:    (212) 504-9566

*Attorneys for Defendant*
*Chippendales USA, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE BANERJEE, | **CASE NO. 2:23-cv-03676** |
| Plaintiff, | **CHIPPENDALES USA, LLC'S NOTICE OF REMOVAL OF ACTION** |
| v. |  |
| CHIPPENDALES USA, LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant. | [Los Angeles County Superior Court Case No. 17STPB02593] |
|  | Complaint Filed:   April 3, 2023 |
|  | Compl. received by Def.: Apr. 12, 2023 |
|  | Date Removed: May 12, 2023 |



**CHIPPENDALES USA, LLC'S**
**NOTICE OF REMOVAL OF ACTION**

1  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Chippendales USA, LLC ("Chippendales") hereby removes to this Court the state court action described below.  In support of this Notice of Removal, Chippendales states the following:

### I. The State Court Action

1. On April 3, 2023, plaintiff Jesse Banerjee ("Plaintiff") filed an action in the Superior Court of California, County of Los Angeles ("Los Angeles County Superior Court"), entitled **"Petition for: An Order Confirming USPTOdecision [sic] on Chippendales Trademark and All Series Partaining [sic] to Chippendales as Forming Part of the Estate of Somen Banerjee; Requesting §859 Double Damages against Chippendales USA LLC"**[1] (Plaintiff's "§ 850 Petition") in a pending matter known as *In re: Banerjee, Somen* (Case No. 17STPB02593).  Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiff's § 850 Petition, as Chippendales received it by USPS regular mail, is submitted with this Notice as Exhibit 1.

2. Chippendales seeks removal only of the § 850 Petition proceeding in which it has been named as a party, and not of the entire probate action, which concerns administration of the estate of Somen Banerjee.  *See In RE: Kendricks*, 572 F. Supp.2d 1194 (CD Cal. 2008) (finding that a California Probate Code Section 850 petition constitutes an independent civil action that can be removed to federal court); *see also Cunningham v. World Sav. Bank*, *FSB*, 2007 WL 4181838, at *2 (D.Ariz. Nov. 21, 2007) (allowing removal of a petition to compel defendant to restore assets of the estate filed in state probate court).

3. According to a stamp placed on the conformed copy by the Clerk of the Los Angeles Superior Court, Plaintiff's § 850 Petition has been set for a hearing on June 29, 20223 at 8:30am.  *See* Exhibit 1.

---

[1]  The document's footer also identifies the filing as "Petition to Confirm Assets of the Estate [Probate Code § 850; 859]."

**CHIPPENDALES USA, LLC'S**
**NOTICE OF REMOVAL OF ACTION**                                                           - 1 -



4. Plaintiff's § 850 Petition was filed pursuant to Cal. Probate Code §§ 850(a)(3)(B) and 859. Probate Code section 850(a)(3)(B) allows a trustee or any interested person to seek a court order declaring the trustee's interest in "real or personal property, title to or possession of which is held by another." Probate Code section 859 allows for recovery of "twice the value of the property recovered" in addition to any other remedies, if a court finds a person wrongfully took, concealed, or disposed of property belonging to the estate of a decedent.

5. Plaintiff's § 850 Petition alleges that the "CHIPPENDALES trademark"[2] was an asset of decent Somen Banerjee that, in 1994 was worth 50 million dollars, and that same year was "fraudulently sold" by Irene Banerjee to CLP Tours Ltd. for $1 million dollars. Plaintiff's § 850 Petition ¶ 15.

6. Plaintiff's § 850 Petition also alleges that when Chippendales purchased the CHIPPENDALES trademark it was a "fraudulent purchase" and Chippendales did not buy it as any legitimate business." Plaintiff's § 850 Petition ¶ 21.

7. Further, Plaintiff's § 850 Petition alleges that "the United State [sic] Patent and Trademark Office did give a decision to the effect that the sale and purchase of Chippendales trademark from Irene Banerjee by CLP TOUR was fraudulent and thereby set aside the said sale of the Chippendales trademark. Therefore voiding any sale or transaction after Somen Banerjee [sic] death," and attaches a USPTO "notice of recordation of assignment document" for documents Plaintiff filed with the USPTO Assignment Recordation Branch on November 1, 2022, regarding Chippendales' registered CHIPPENDALES trademarks. Plaintiff's § 850 Petition ¶ 22; Exhibit F to Plaintiff's § 850 Petition. (Contrary to Plaintiff's

---

[2] Plaintiff's § 850 Petition refers to the November 1994 sale of a singular "Chippendales trademark," but at that time the CHIPPENDALES business used and owned common law rights in the word mark CHIPPENDALES, as well as a stylized CHIPPENDALES logo with design, for a variety of goods and services, and owned four U.S. trademark registrations, Reg. Nos. 1197438, 1211893, 1330855, and 1504520.



CHIPPENDALES USA, LLC'S
NOTICE OF REMOVAL OF ACTION   - 2 -

1  allegations, the USPTO's issuance of the document attached as Exhibit F to his § 850
2  Petition does not constitute any decision by the USPTO regarding the validity of a
3  trademark assignment or the effect such a document has on the title to a registration,
4  but merely serves as a filing receipt.  The USPTO's recording of document filed with
5  the Assignment Recordation Branch is solely a ministerial act, and that Branch does
6  not examine the substance of documents submitted for recording for the purpose of
7  determining validity.)

8.  Plaintiff's § 850 Petition seeks an order: a) "upholding the decision of the USPTO holding that the sale of the CHIPPENDALES trademark was fraudulent"; b) finding that the CHIPPENDALES trademark currently owned by Chippendales is part of Mr. Somen Banerjee's estate; c) transferring the "CHIPPENDALES trademark"[3] owned by Chippendales to Mr. Somen Banerjee's estate, as administered by Plaintiff; and d) restraining Chippendales from using the CHIPPENDALES trademark.  Plaintiff's § 850 Petition pp. 1-2, unnumbered preamble; prayer for relief ¶¶ 1-4.

9.  Plaintiff's § 850 Petition also seeks a monetary penalty against Chippendales of "twice the value of the property recovered" for Helen Maryman's alleged bad faith misappropriation of property from Mr. Somen Banerjee's estate pursuant to Cal. Probate Code § 859.  Petition ¶ 33.  (Chippendales notes that it has no association or connection with Ms. Maryman.)

10.  Chippendales was not served with a copy of Plaintiff's § 850 Petition in compliance with the requirements of the California Code of Civil Procedure for service of process outside the state.  Chippendales received a copy of Plaintiff's § 850

---

[3]   Plaintiff has asked the Los Angeles Superior Court to transfer the singular "Chippendales trademark" owned by Chippendales to Mr. Somen Banerjee's estate, but Chippendales owns common law and registered rights in the word mark CHIPPENDALES and other CHIPPENDALES-formative design marks, as well as the CHIPPENDALES & Bow Tie Design mark, and owns seven U.S. trademark registrations for those marks, as well as numerous foreign registrations.



CHIPPENDALES USA, LLC'S
NOTICE OF REMOVAL OF ACTION                                           - 3 -

1  Petition no earlier than April 12, 2023, by USPS regular mail, without being required
2  to sign for it.
3      11.    The copy of Plaintiff's § 850 Petition was not accompanied by a Notice
4  of Hearing as required by Cal. Probate Code § 851.
5      12.    Chippendales has not been served with any process, pleadings, and
6  orders relating to Plaintiff's § 850 Petition.
7      13.    As of the date of the filing of this Notice of Removal, no further
8  proceedings have occurred in the Los Angeles County Superior Court with respect to
9  Plaintiff's § 850 Petition. For example, Chippendales has not filed a response to the
10 § 850 Petition. Chippendales, by seeking removal, does not waive, and expressly
11 reserves, all rights, defenses, or objections or any nature that it may have to Plaintiff's
12 claims.
13     **II.    The Procedural Requirements for Removal Are Satisfied**
14     14.    Chippendales satisfies all the procedural requirements for removal under
15 28 U.S.C. § 1446.
16     15.    Chippendales is filing this Notice of Removal within thirty (30) days of
17 its receipt of a copy of Plaintiff's § 850 Petition in a manner other than service of
18 process. *See* 28 U.S.C. § 1446(b)(1).
19     16.    This case may be properly removed to this United States District Court
20 pursuant to 28 U.S.C. §§ 1441(a), as the Los Angeles County Superior Court is
21 located within the Central District of California.
22     17.    Promptly after filing this Notice, Chippendales will give written notice
23 of the removal to Plaintiff (as a *pro se* litigant), as well as to the Clerk of the Court in
24 the State Court Action, as required by 28 U.S.C. § 1446(d).
25     **III.    Removal Is Proper Because This Court Possesses Subject Matter**
26               **Jurisdiction Pursuant to 28 U.S.C. § 1332 and 1441**
27     18.    This Court has subject matter jurisdiction based upon diversity of
28



**CHIPPENDALES USA, LLC'S**
**NOTICE OF REMOVAL OF ACTION**  - 4 -

1  citizenship, *see* 28 U.S.C. § 1441, because this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

19. For purposes of determining diversity, the legal representative of a decedent's estate is deemed to be a citizen only of the same state as the decedent. 28 U.S.C. § 1332(c)(2). The decedent, Mr. Somen Banerjee, resided in Los Angeles, California, and was a citizen of California, at the time of his death. Therefore, Plaintiff, as the administrator of Mr. Somen Banerjee's estate, is also deemed to be a citizen of California. Plaintiff himself resides in California. Plaintiff's § 850 Petition ¶ 2.

20. Chippendales is a Delaware limited liability company that is comprised of four members, each of whom is a natural person domiciled in New York state. Accordingly, for purposes of removal and diversity jurisdiction, Chippendales is a citizen of New York.

21. Diversity existed when Plaintiff filed the § 850 Petition and exists now at the time of the filing of this Notice of Removal.

22. Multiple allegations in Plaintiff's § 850 Petition establish that the amount in controversy exceeds $75,000, exclusive of interest and costs.

23. Plaintiff's § 850 Petition seeks a transfer of the CHIPPENDALES trademark owned by Chippendales to the estate of Mr. Somen Banerjee, as administered by Plaintiff, which Plaintiff alleges was worth $50 million in 1994 and alleges was fraudulently sold in 1995 for $1 million.

24. Plaintiff's § 850 Petition also seeks the imposition of a monetary penalty against Chippendales of "twice the value of the property recovered," pursuant to Cal. Prob. Code § 859.



### IV. The "Probate Exception" to Federal Subject Matter Jurisdiction is Inapplicable

25. The "probate exception," which reserves probate matters to state probate courts and precludes federal courts from disposing of property in the custody of a state court, does not apply to Plaintiff's § 850 Petition.

26. The probate exception is narrow and only bars federal diversity jurisdiction where a party asks a court to: (1) probate or annul a will, (2) administer a decedent's estate, or (3) dispose of property in the custody of a state probate court. *See Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1252 (9th Cir. 2017). None of these three categories applies to Plaintiff's suit against Chippendales.

27. Plaintiff's § 850 Petition does not seek to annul or probate a will, nor would it require this Court to administer Mr. Somen Banerjee's estate. Rather, Plaintiff's § 850 Petition disputes the validity of the 1994 purchase agreement whereby Ms. Irene Banerjee sold the CHIPPENDALES business and trademarks to CLP Tour, Ltd., and the subsequent 2000 sale of the trademarks from CLP Tour, Ltd. to Chippendales. Therefore, this is a contract dispute that is only tangentially related to the probate proceeding and does not require the Court to probate a will or administer an estate. *See In RE Kendricks*, 572 F. Supp. 2d 1194 (CD Cal. 2008).

28. Further, Plaintiff's § 850 Petition does not require this Court to dispose of property in the custody of a state probate court. The property at issue here – the "CHIPPENDALES trademark" – is not, and has never been, in the possession, custody, or control of the probate court.

29. The property at issue is owned by Chippendales, and Plaintiff is attempting to bring it into the estate of Mr. Somen Banerjee. Plaintiff seeks an *in personam* judgment against Chippendales declaring that the sale of the CHIPPENDALES trademark to Chippendales was fraudulent and thus invalid. Therefore, the probate exception does not apply here. *See Campi v. Chirco Trust*



*UDT*, 223 Fed.Appx. 584, 585 (9th Cir. 2007) (where plaintiff sought to bring property back into the estate due to defendant's alleged fraud and breach of fiduciary duty in removing the property from the trust, the property was not in the custody of the probate court and the probate exception did not apply); *In RE Kendricks*, 572 F. Supp. 2d 1194 (CD Cal. 2008) (probate exception did not apply where plaintiffs sought to recover royalties that were in the possession of defendants).

### V.   Conclusion

30.   If any question arises as to the eligibility of this action for removal, Chippendales respectfully requests the opportunity to submit briefing and oral argument, and, if necessary, to conduct discovery in support of its position that subject matter jurisdiction exists.

### DEMAND FOR JURY TRIAL

Defendant Chippendales USA, LLC hereby demands trial by jury pursuant to Fed. R. Civ. Proc. § 38(b).

Dated:  May 12, 2023               Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: _____

Rita Weeks
Evan S. Nadel
Marc A. Lieberstein

*Attorneys for Defendant*
*Chippendales USA, LLC*

