Evan S. Nadel (CA Bar No. 213230)
KILPATRICK TOWNSEND & STOCKTON LLP
ENadel@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Rita Weeks (CA Bar No. 232396)
Rweeks@kilpatricktownsend.com
Marc A. Lieberstein (admitted *pro hac vice*)
MLieberstein@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 775-8700
Facsimile: (212) 504-9566

*Attorneys for Defendant, Chippendales USA, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE BANERJEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHIPPENDALES USA, LLC,<br><br>　　　　Defendants. | Case No. 2:23-cv-03676-PA (PDx)<br>*Judge:　Hon. Percy Anderson*<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**<br><br>Date:　　　August 7, 2023<br>Time:　　　1:30 p.m.<br>Courtroom: 9A |

## I.   INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 8, 9, 12(b)(6) and 12(e), Defendant Chippendales USA, LLC ("Chippendales") moves to dismiss Plaintiff's operative pleading in this action or, in the alternative, for a more definite statement.

Plaintiff's Petition, originally filed in a state court probate matter, fails to state—or even identify—a cause of action against Chippendales.  Rather, the Petition contains a disconnected group of allegations about events transpiring more than two decades ago involving Mr. Somen Banerjee and his then-wife Irene Banerjee.  While suggesting fraudulent conduct in the 1990s, the Petition falls far short of stating such allegations with the required level of specificity.  And none of the Petition's allegations indicate any wrongful conduct by Chippendales, which Plaintiff admits purchased trademark rights in the CHIPPENDALES mark in 2000 and has unquestionably been using such marks in commerce continuously since then.  Given that the events alleged in the Petition occurred over 20 years ago, any attempt to state a claim would be barred by the applicable statutes of limitations.  As a good faith, bona fide purchaser for value, Chippendales is the exclusive legal owner and user of the CHIPPENDALES marks, including a number of U.S. registrations that are incontestable.

Accordingly, the Petition should be dismissed with prejudice.

## II.   BACKGROUND

Chippendales owns the world-famous CHIPPENDALES male performance troupe business and the associated CHIPPENDALES trademarks.  Chippendales acquired the CHIPPENDALES business and CHIPPENDALES trademarks over 20 years ago as a bona fide purchaser for value.  Since it acquired the business in 2000, Chippendales has been the sole and exclusive user of the mark CHIPPENDALES and CHIPPENDALES-formative marks in the United States, and therefore has established nationwide common law rights in the marks through its continuous and exclusive use of the marks from 2000 through present.

1    This matter began in a Los Angeles Superior Court probate proceeding, in

2    which Mr. Banerjee filed a petition against Chippendales pursuant to sections

3    850(a)(3)(B) and 859 of the California Probate Code, alleging that when

4    Chippendales purchased the CHIPPENDALES trademark in 2000 it was a

5    "fraudulent purchase" (the "Petition").

6         The Petition weaves a tale concerning the estate of Somen Banerjee and what

7    assets were included in it at the time of his death in October 1994, including

8    allegations of fraudulent conduct by Somen's wife Irene Banerjee and a supposed

9    scheme with an attorney in Europe named David Laurence Gernsbacher, who

10   allegedly "helped Helen [Maryman] steal petitioner's inheritance money into Helen

11   Maryman's (Irene Banerjee's sister) and her husband's bank account in Luxembourg"

12   (Pet. ¶ 17), coupled with a dispute over the rights of Jesse Banerjee as the illegitimate

13   son of Somen (not a child of Somen and Irene Banerjee) in his estate.  Plaintiff also

14   alleges the existence of a "massive Ponzi scheme" involving individuals named Louis

15   Jay Pearlman and Kevin Denberg and certain property.  Pet. ¶ 23.

16        Despite these sordid and at times confusing allegations, the Petition recognizes

17   that rights in "the [Chippendales] trademark" were sold to a company called CLP

18   Tour Ltd., which later sold them to Chippendales USA LLC, the current owner of

19   those rights and all other rights in the CHIPPENDALES marks. Pet. ¶¶ 15, 20.  There

20   is no allegation contesting that Chippendales USA LLC has been the exclusive owner

21   of the marks and has used them openly and consistently in commerce since at least

22   2000.  Nor is there any contention that Jesse Banerjee used the CHIPPENDALES

23   marks in commerce.

24        The Petition requests a court order: (a) "upholding the decision of the USPTO

25   holding that the sale of the CHIPPENDALES trademark was fraudulent"; (b) finding

26   that the CHIPPENDALES trademark currently owned by Chippendales is part of the

27   estate of Mr. Somen Banerjee (whom Plaintiff contends was his father); (c)

28   transferring the CHIPPENDALES trademark owned by Chippendales to Somen

1    Banerjee's estate, which is administered by Plaintiff; and (d) restraining

2    Chippendales from using the CHIPPENDALES trademark.  In addition, Mr.

3    Banerjee's Petition seeks a monetary penalty against Chippendales of "twice the

4    value of the property recovered" for an unrelated, third-party's alleged bad faith

5    misappropriation of property from Somen Banerjee's estate.

6         On May 12, 2023, Chippendales removed Mr. Banerjee's Petition to this Court

7    based upon diversity of citizenship and because the Petition is adversarial in nature, it

8    is a "civil action" properly removable within the meaning of 28 U.S.C. § 1441(b).[1]

9         After Chippendales removed the Petition to this Court, it informed Mr.

10   Banerjee that Chippendales intends to file a motion to dismiss the Petition and, under

11   the Court's rules, the parties are required to meet and confer before the motion can be

12   filed.  *See* Declaration of Evan S. Nadel in support of Motion to Dismiss ("Nadel

13   Decl.") ¶¶ 2-3 & Ex. A.  Mr. Banerjee did not agree to participate in a meet and

14   confer on this motion.[2]  *Id*. ¶¶ 2-14.  After an individual named Dayna Staggs, Sr.

15   identified himself as counsel for Mr. Banerjee in this action, Chippendales held a

16   meet and confer with him, during which Mr. Staggs stated that he intended to make a

17   filing by Wednesday, July 5, 2023, to "clean up" some of the deficiencies in the

18   Petition.  Nadel Decl. ¶ 18 & Ex. B. As of July 7, neither Mr. Banerjee nor Mr.

19   Staggs has filed any amendments to the Petition.  *Id.* ¶¶ 18-20 & Ex. B.

20   **III.   ARGUMENT**

21        The Petition should be dismissed because it fails to plausibly state a cognizable

22   cause of action and because any colorable cause of action would be barred by the

23   _____

24   [1] Chippendales notes that a related action is pending before this Court, *Chippendales*

25   *USA LLC v. Banerjee*, No. 23-cv-03672-PA-PD, in which Chippendales alleges
     claims for trademark infringement against Jesse Banerjee.

26   [2] Upon the request of Mr. Banerjee, Chippendales allowed him time to find

27   representation in this case and engage counsel.  To provide time for Mr. Banerjee to
     do this, the parties stipulated to an extension of time until July 7, 2023, for

28   Chippendales to respond to the Petition (*see* ECF 24).

statute of limitations.

### A. The Petition Does Not Identify Any Cause of Action

Plaintiff's Petition nowhere purports to state a cognizable cause of action against Chippendales. Accordingly, it fails to provide even basic notice to Chippendales of what legal claim or claims Plaintiff intends to assert in this action.

Rule 8 requires notice pleading, which means a short and plain statement of facts to state a claim that is plausible on its face. Fed. R. Civ. P. 8(a); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that fails to identify a cause of action does not meet this standard. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886 (9th Cir. 2018) (dismissal for failure to state a claim is proper where there is "no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory" (quoting *L.A. Lakers, Inc. v. Fed. Ins. Co*., 869 F.3d 795, 800 (9th Cir. 2017))).

Plaintiff's Petition does not even suggest a legal theory or right that might give rise to a cause of action against Chippendales. The Petition recounts events from the 1990's concerning Somen Banerjee, Plaintiff's alleged father, the transfer of certain property by his wife, Irene Banerjee (who "lied" about being divorced), to CLP Tours Ltd. ("CLP"), a "massive Ponzi scheme" involving individuals named Louis Jay Pearlman and Kevin Denberg, and an assortment of alleged wrongdoing by family members Helen Maryman, Lindsay Banerjee and Christian Banerjee. Pet. ¶¶ 5-20, 23-26. But none of that adds up to a legal claim against Chippendales, which the Petition concedes purchased the Chippendales business and the rights to the marks in 2000 from CLP. Pet. ¶¶ 21, 23. Transfers between Somen and Irene Banerjee (or lack thereof) and the rest of the Petition's history of the origin of the Chippendales business and family disputes have no bearing on the legal purchase by Chippendales of the relevant rights from CLP in 2000.

While the Petition asserts assorted "fraudulent" conduct by certain individuals (not Chippendales USA LLC), there is no attempt to meet the heightened pleading

standards applicable to such allegations.  Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) ("'[I]n alleging fraud,' . . . , Rule 9(b) requires a party to 'state with particularity the circumstances constituting fraud' . . . , including 'the who, what, when, where, and how of the misconduct charged'" (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).  The Petition's "shotgun pleading" approach does not meet the heightened particularity requirement. *See, e.g.*, *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011). The Petition fails to state any cognizable claim for relief, much less state one with the required level of particularity.

Alternatively, the defects in the Petition warrant an order compelling a more definite statement or striking the Petition.  Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.").

### B.    Any Potential Cause of Action Would be Time-Barred

Because the Petition does not state a cognizable cause of action, it should be dismissed.  And because it is clear from the Petition that all the events took place decades ago, the dismissal should be with prejudice: any potential cause of action would be plainly barred by the applicable statute of limitations.

For example, the Petition makes certain contentions about fraudulent conduct by individuals other than Chippendales USA LLC, without purporting to allege the elements of a claim for fraud against anyone.  Allowing an amendment would be futile because the statute of limitations for fraud is three years.  Cal. Code Civ. Proc. § 338(d).  Because the Petition alleges events that occurred in the 1990's, any fraud claim would have accrued decades ago, well before the Petition was filed in April 2023.

There is also a three-year limitation period for claims of "trespass upon or

1    injury to real property" or "for taking, detaining, or injuring goods or chattels,

2    including an action for the specific recovery of personal property."  Cal. Code Civ.

3    Proc. § 338(b)-(c).   Any breach of contract claim would be barred by the four-year

4    limitations period for written contracts or two-year period for oral contracts.  Cal.

5    Code Civ. Proc. §§ 337(a), 339.  The "catchall" statute of limitations for claims not

6    specified elsewhere is four years.  *Id.* § 343.

7         Any potential cause of action one could contemplate from the allegations in the

8    Petition, however, accrued long ago, and the limitations periods expired at least two

9    decades before Plaintiff filed the Petition.  Any such claim would be time-barred,

10   making futile any amendment of the Petition.  *Wheeler v. City of Santa Clara*, 894

11   F.3d 1046, 1060 (9th Cir. 2018) (leave to amend properly denied because the claim

12   was time-barred and amendment would have been futile); *Platt Elec. Supply, Inc. v.*

13   *EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008) (same).

14        Accordingly, Defendant respectfully requests that the Court grant this motion

15   to dismiss with prejudice.

16   DATED:  July 7, 2023          Respectfully submitted,

17                                KILPATRICK TOWNSEND & STOCKTON LLP

18

19                                By: */s/Evan S. Nadel*
20                                    EVAN S. NADEL
                                     RITA WEEKS
21                                   MARC A. LIEBERSTEIN (admitted *pro hac*
                                     *vice*)
22
                                  Attorneys for Defendant
23                                Chippendales USA, LLC

24

25

26

27

28