FILED

2023 JUL 10  PM 2: 00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

1  JESSE BANERJEE (PRO-SE)
   3573 3rd STREET SUITE 206
2  LOS ANGELES, CA 90020
   Tel:(310)923-8788
3  Email: investigation@stevebanerjee.com
4
5
                 **UNITED STATES DISTRICT COURT**
6
                 **CENTRAL DISTRICT OF CALIFORNIA**
7
8
9
10 **JESSE BANERJEE,**                      Case No.: CV23-3676PA
11          **Plaintiff,**
12 **vs.**                                  **DEMAND FOR JURY TRIAL**
13 **CHIPPENDALES USA LLC,**
14          **Defendant,**                  **OPPOSITION TO NOT DISMISS THE LEGAL
                                            ARGUMENT IN OPERATIVE COMPLAINT IN
15                                          PLAINTIFF PRO SE COMPLAINT DATED APRIL
                                            3, 2023 (1) FRAUDULENT CONVEYANCE (2)
16                                          UNFAIR COMPETITION (3) WILLFUL
                                            DECEPTIVENESS (4) FRAUD (5) TRADEMARK
17                                          INFRINGEMENT(6) BREACH OF FIDUCIARY
                                            DUTY**
18
19
20
21
22
23
24
25
26
27
28
   PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO
   SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3)
   WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY
   DUTY - 1
   BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW
   "BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

## I.     STATEMENT OF THE CASE

1. This is an action by the ("plaintiff" appearing as pro se) seeking monetary, punitive, and compensatory damages for Fraud, negligence, Breach of Fiduciary Duty, Fraudulent Conveyance, Willful Deceptiveness, Unfair Competition, Trademark Infringement in violation of the applicable federal law against the named ("defendant's) filer of **CHIPPENDALES USA LLC**.

## II.     JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action according to the provisions of the Lanham Act, 15 U.S.C. §§ 1051-1141n (2012), the Federal Copyright Act, 17 U.S.C. §§ 101-1511, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331 (a) (1) and (c). This Court has jurisdiction over all claims in this action that arise under the laws of the State of California under 28 U.S.C. § 1367(a) because State law claims are related to federal lawsuits and form part of the same Case or controversy that exceeds $75,000.00 exclusive of interests and cost and involves questions of federal law. And derive from a common nucleus of operative complaint facts. The venue is proper in this Court under 28 U.S.C. § 1391, and this Court may properly exercise. Personally. Jurisdiction over ("Respondents"), since Each Person directly targets business activities toward consumers in the United States, including California, through its operation or assistance in the process of the fully interactive, commercial strip clubs/bars operating under the ("Defendants") domain names and the ("Defendants") Internet Stores are identified in Exhibit 6. Specifically, each infringer directly reaches out to do business with California female residents.By operating or assisting in operating one or more Commercial, interactive e-commerce stores that License trademarks using counterfeit versions of federally registered trademarks. They are owned by ("Plaintiff") late father, directly to California consumers. In short, each ("Defendant") committed tortious acts. In benefiting commercially, in California, engaging in interstate commerce. It has wrongfully causedconfusing issues, substantial irreparable mental injuries, physical harm, and damage to("Plaintiff") reputation online.And his immediate family name in the Jurisdiction of California during the last year and a half. I filedan Operative complaint alleging this matter under probate Code sections 850 (a)(3)(B) and 859 because the assets

including the trademarks, copyrights, and likeness, at issue duly belong to the estate of Somen Banerjee, as the same forms part of the estate of Late Somen Banerjee. The operative complaint alleges the venue is proper in Los Angeles County Probate Code 17005 because the ("Plaintiff") resides in Los Angeles County. The Principal place of the Estate administration is, i.e., Los Angels County, within the judicial district of this court.

### III.   PARTIES

3. ("Plaintiff") JESEE BANERJEE is at all times mentioned in the operative complaint. ESTATE of SOMEN BANERJEE and the ("Defendants")Who Allege they own the CHIPPENDALES USA LLC.

### IV.   STATEMENT OF RELEVANT FACTS

### A. THE FACTS GIVING RISE TO THE ACTION

4. On July 3, 2023, at 1:30 Pacific Time, the Opposing Counsel'shed a teleconference.

5. Per the Federal Rules of Civil Procedure 26 (F), during the teleconference, both Parties; consider the nature of the basis of their claims and defenses. The Conference held thatthe counsel of Kilpatrick Townsend and Stockton LP ("Defendants") explained a few points. They were concerned about the nature of the proceeding—this Motion to Amend the operative complaint,which is nowamended. The complaint alleges asfollows. The purpose of the call was to complete a court-mandated teleconference with the("Defendant's Counsel") View of the motion to dismissthe operative petition. ("Defendants") explained the key grounds for the motion, including the failure to a state claim or time constraints.Because at the time,on April 3, 2023, I didn't identify the cause of action yet, and anyconceivable Action would be time sensitive to the Federal Rules ofCivil Procedure.  Although the California Criminal Statute of Limitations limitation on Fraud and embezzlement of the income derived from the ("CHIPPENDALESUSA INC") in this case, is highlighted, with attachments to support. From fraudulent Asset Purchase Agreements to ticketsales,general income derived/embezzled. Powered by websites from this business, including ticketsonline.

sales practicesthrew the State of California.

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3) WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY DUTY - 3
BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW "BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

6. From the Defendant's Actions, "fraudulent activity" from Helen Maryman Declaration,my stepmother's sister,and the late Irene Banerjee, my late father. ("Defendants") in this case.Filed The joint Report in the court on 6/16/2023 (Docket#25).

7. Discusses on Page 7 the ("Petition") And Helen Maryman, a non-party, and the Fraud of misappropriation of the assets of late Somen Banerjee's estate; enclosed with this amended complaint is Helen Maryman Admission and Declaration[Exhibit 10] to not owning the Trademarks dated on February 6, 2023.See (EXHIBIT 10). Somen Banerjee is my father.

8. Enclosed with this complaint is JUDGEMENT Dissolution of the Marriage of my father and Stepmother Irene Banerjee,dated August 17, 1994. (EXHIBIT 9) LOS ANGELES SUPERIOR COURT signed by both parties witnessed by the court. And executed by the Judge of record. With a protection order, I am asking the court to protect all of these filings and exhibits.

9. ("CHIPPENDALES") is now a world-famous male performance strip troupe protectable mark see Exhibit 1. Signed by the (USPTO) court for the United States Court of Appeals for the Federal Circuit. ("USPTO" United States Patent Trademark Office headquarters in Alexandria, Virginia) trademarks in the registration system of record. I am the oldest son of the late Somen Banerjee, Founder of ("CHIPPENDALES.") This lawsuit first started in a Los AngelesSuperior Court Probate proceeding two years ago "(Administration Letter") Exhibit letter dated September 21, 2020. Probate Code §§850(3)(B) and 859. Mr. Jesse Banerjee told the ("Defendants") advised that I was looking for counsel to represent me. (Mycomplaintalleges)(Chippendales) in or around 2000 wasa "Fraudulently purchased entity," Which I Re- allege in my operative complaint" As a result of the "Fraud activity," this argument with evidence.It shouldn't be time-barred on raised issues set before thiscourt. (See all exhibits in the operative complaint and court order in this complaint).  Any proprietary informationcreated from the 1982 trademarks owned by Easebe Enterprisestrademark Serial number 73305435 owned by (MyFather") registered on June 8, 1982, are protected by First use in commerce law as

**"CHIPPENDALES.EXHIBIT 8.**

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3) WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY DUTY - 4
BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW "BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

10. **SEEDECLARATION from the Superior Court of the State of California County of Los Angeles Case No. 17STPB02593 Judge: Hon Daniel Juarez [Exhibit 10]**

## V.     ISSUES IN THIS CASE

11. Although my complaint alleges "twice the value of the property recovered") for unrelated third parties. It Doesn't allege bad-faith misappropriation/embezzlementand Fraud of funds; In this case, however,thereis an exception to the rule. I *did not discover these facts and could not, with reasonable investigative diligence, have found them three years before the action. (5 Witkin, Cal. Proc. 5th (2008) Plead, § 929, p. 344.)*

Because Superior State proceedings on September 21, 2020, with authority, state case number 17STPB2593.  I discovered the ("Defendants") couldn't win a United States Court of Appeals case in the federal circuit on Oct 1, 2010, at (**United States Patent and Trademark Office, Trademark and Appeal Board**), for CHIPPENDALES USA INC Appeals clock has expired. So if the Federal court ruled against these (Defendants) in that proceeding and has not reversed their ruling, how and why are these (Defendants) re-alleging myfather's mark belongs to them and filing random Motions to Dismiss? I'm supposed to file my evidence and amended complaint on July 7, 2023, court order date.

I retained an attorney. Who is filing the Applicant of a non-resident Federal attorney to appear in a specific case as (Pro Hac Vice Counsel), My attorney is submitting to Local Counsel Kolin Zimmerman of Kil, Patrick Townsend,per my attorney,who spoke with the court clerk on July 7, 2023. My Counsel advised me to file my Opposition complaint to address any deficiency as best I can when The judge approves him to appear in the court as the Pro Hac Vice application. Meanwhile, I must continue as Pro se.

## VI.     FIRST CAUSE OF ACTIONFRAUDULENT CONVEYANCE(Against All Defendants, Respondents)

12. The California statute, the Penal Code,is 506 persons who can be associated with wire or fraudulent activity. In this case, while some of ("Defendants") and their partners clearly "Fraudulent dealings" of business practices.  Infringing the rights of Banerjee's heirs.

Shortly before the death of the late Somen Banerjee, owner of ("Chippendales"), My

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3) WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY DUTY - 5
BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA. 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW "BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

Father in this proceeding. Easebe Enterprises, Inc. Herein incorporated by reference the allegation contained in the operative petition on Pages 1-8. ("Defendants") used "Fraudulent Conveyance" with Helen Maryman, my stepmother's sister.With unlawful documents and collecting the undisclosed amounts for the Assets in which the (Defendants) allege they have common law rights on the trademark.That the US Federal Appeals Court for Trademarks at [USPTO] would not reverse see EXHIBIT 1.

13. ("Defendants") Statement dated 06/16/2023 Joint Report. Privy to gross "fraudulent activity" from the value of assets, property income (Helen Maryman's), non-party, Negligent/unlawful, and Willful deceptiveness of earliersettlements and asset purchase agreements. And would warrant early Settlement Mediation and or Dispute resolution. [Docket #25] Rule 26 (f) on June 16, 2023, JointReport. ("Chippendale Estate") and ("Chippendale Theater Rights") Infringingmy Intellectual Property. Which is owned by Rio- Casinoand co-owns The Exotic dance company, which my late father, Somen Banerjee, Foundedand does mention ("Chippendales) as its subcontractor/agent.

14. In this federal proceeding, the ("Defendants") assert that these allegationsare not within the statute of limitations. And would not meet the burden of the 3yr time-barred argument. ("Defendants") don't own trademark, Federal Court Ruled on October 1,2010.

15. My CaseFromSuperior State Court(Letter of Administration) was issued on September 21, 2020. I submitted this with my operative complaint Exhibit 1 on April 3, 2023.

16. For the motion to dismiss the Defendants filed. Based upon a few small Deficiencies on [Docket 22] From the ("Defendants") According to court records, This same matter, in this case, has been Transferred recently to the United States District Court on the subject matters of the "CHIPPENDALES USAINC" trademarks.

17. I am appearing pro se. The court order [Docket 11] STANDING ORDER by Judge Percy Anderson. READ THIS CAREFULLY CONTROLS THE CASE AND DIFFERS IN SOME RESPECT FOR LOCAL RULES. To Discuss the Topics Identified by Rule 26 (E) of the Federal Rules of Civil Procedure.

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3) WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY DUTY - 6
BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW "BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

## VII.   SECOND CAUSE OF ACTIONNEGLIGENT MISREPRESENTATION(Against all Defendants)

18. 15 U.S.C. § 1117 (c) - Willful Infringement/ Willful Deceptiveness 15 U.S.C. & 15 U.S.C. § 1125(a) - Willfulness is shown on lost Profits and other Damages.Although the Operative Complaint doesn't allege the federal subject matter, this can support the substantive law of the argument.  My Filings appear on a timelineand with some raw and mild substances. The Due process clause is widely understoodboth as procedural due process and substantive of the ("CHIPPENDALES USA INC"),and the day-to-day or everyday conduct of the ("Defendants") View in this real dispute is clear and convincing evidence. Especially on US Trademark merits. ("Chippendales") and theFederal Rules of Law protect Against a gross infringement of intellectual property.  I had 28 days of additional time to answer or otherwise respond to the operative pleading. Based on this agreement, the last day for ("Defendant") to answer or other response to my complaint. The deficiencybrief operative response was July 7, 2023.  The Opposing Counsel filed before my attorney could file a motion to appear on the same day the court instructed me to point to clean up my arguments in my operative complaint.

19. (See USPTO – Assignment documentation and Correspondence Exhibits 5- 6) For the Chippendale mark("fraudulent activity") in Federal Jurisdiction related to transferring ownership to thecorrupt executor.

## VIII.   THIRD CAUSE OF ACTIONFRAUD

20. This Case is in federal Jurisdiction. I ama resident of California. Surviving eldest child was awarded control of this Estate on September 21, 2020. Including the /Transfer of the ("Chippendales") name by the("Defendants"), a deliberate act aiming to illegally Defamemy character andreputation and goodwill of the rights as the original complaint (alleges to pages 1-8) with the evidence to support my claim. Official business records and official Letter of Administration.I discovered this was a "fraudulent activity" of the registered trademarks according to the Court order from Federal Circuit.

21. The Events Surrounding thisCase.The mismanagement of my rights/assets resulted inthe fraudulent handling of trusts and outdated paperwork through the old system.And is

BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA. 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW "BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

admissible by the federal rules of civil procedure.Rule 4(n) (1) federal law asserts jurisdiction over Intellectual Property (2) State law assertsjurisdiction over real estate. One of the functions of pleadings is to limit the issues and narrow the proofs. The answer does not controvert the facts alleged in both complaints, they are not in the case, and no evidence needs to be offered to prove their existence, but I have valid evidence to support my state claim and court order with evidence to a federal lawsuit. Showing good cause. (Travelers Ins. Co. v. Byers, 123 Cal. App. 473, 482 [11 P.2d 444]  The ("Petitioner" of record) seeks to apply the rule that, in law, a man is charged with the knowledge of those things, which on inquiry, the ("Respondents") reasonably could have or should have discovered the late Somen Banerjee's children's rights to the property/estate were being infringed by GeneralFraud. Presently, technology allows anyone to look at the relevant evidence of data, financials, and history ofcourt rulings as factual proof of civil or state proceedings.


IX.     FOURTH CAUSE OF ACTION UNFAIR COMPETITION LAW

22. See (Brown v Ralphs Grocery Co. No B222689 Cal. Ct App Jul 12, 2011) California Supreme Court held that statutory monetary claims, as contrasted with injunction claims, were arbitrary and for financial relief. In this case, a prudent andreasonable person would know this outcome.  Willful Deceptiveness and the Unfair Competition Law. I have been violated since 2020 by the ("Defendants") Unfair Competition Law, California Business and Professions Code sections 17200–17209 ("UCL")."Defendants"are still in competition with my Late father's estate because ofits commercial success.  **See (GeorgeBaschCo ., Inc V Blue Coral, Inc. 968 F. 2d 1532 (2d Cir 1992)** (" an accounting may be appropriate whenever an infringer's conduct is willful").Iobserved that ( "Defendants") sharingmy family story with HULU, DISNEY, violated the Federal Trademark Lanham Act; And got paid for the license. The movie Licensing distribution; created aTrademark Infringement; of the (Chippendales®) registered trademark in the United StatesPatent and Trademark Office, including California privacy and unfair competition law.

BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA. 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW
"BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

23. All of this "bad conduct" harmed my immediate family name and reputation, For any official future documentary and release of more endeavors. The released story, without authority or clearance, Depicts my family incorrectly**. (See Cappello v. Walmart Inc**.) HULU, DISNEY was served with Cease-and-Desist letters on November 19, 2022. See attached—notes from these entities in Exhibit 11-12.

## X.   Plaintiff Statement and Operative compliant

24. Duty to Disclosure of parties having information relative to this matter.For the Basis of Disclosure under FRCP rule 26(D). The Scope of Relevancy of Discovery. Many issues were adjudicated in this court, so the assertions reflect the history of the court records.

25. Defendants (involved in various transactions among the parties relating to it). In this case, with "fraudulent, criminal activity". Late Somen Banerjee was my father married to late Irene Banerjee on or around September 29, 1984. He was separated on September 2,1993, and divorced on August 16, 1994.Court Divorce Judgement was entered. August 17, 1994. Somen Banerjee died.  Later in or around October 25, 1994. These dates are Important timelines due to the ("Fraudulent Actions") nature surrounding this matter with the Defendants signing (Asset Purchase Agreement). All illegal transactions by Helen Maryman and her family happened after the Divorce illegally.

("Breach of Fiduciary Duty) "violated the civil rights Act of 1964 of the ("plaintiff"). And Basis of law to discriminate against persons of color based on their unique circumstances, inheritance, and freedom of due process. ("plaintiff") as the present administrator of the estate. California Adjudication (Fact). This did cause Tortious, emotional distress injuries/counterfeit marks to("Petitioner") and heirs. The court reporter's notes of April 28, 2017, Appointment hearing – Decedent's Estate and sworn testimony from Mr. & Mrs. Maryman. From earlier probate Attorney notes, ("Petitioner") Father passed away without a WILL. ("Defendants") During US litigation, conduct illegally transfers the "(Plaintiff") income rights without his permission to move assets to another person, entity, or location.  ("Defendants") acted in collusive transfers, a violation of Penal Code 531 Fraudulent Conveyance. This would include being a party to

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3) WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY DUTY - 9
BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW
"BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

the("Fraudulent Conveyance"), Which the Joint report admits on docket #25 Dated 06/16/2023. I now,at this moment, file Anti-SLAPP Motion with my amended complaint.

## XI.   **FIFTH CAUSE OF ACTIONTRADEMARK INFRINGEMENT**

26. See 15 U.S.C. § 1094. Additional registration is not prima facie evidence of the registered mark's validity, ownership, or the registrant's exclusive right to use the registered mark in commerce. Id. § 1057(b).Section 1057 provides that a certificate of registration of a mark upon the Principal Register "shall be prima facie evidence of the validity of the registered mark and the registration of the mark, of the [registrant's] ownership of the mark, and of the [registrant's] exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate." 15 U.S.C. § 1057(b).("Respondents") Purport that the Chippendale trademark is currently owned by. ("Chippendales") part of the estate of the Late Mr. Somen Banerjee. Plaintiff is surviving. Eldest son of the Late Somen Banerjee, first to qualify as direct. Heir-at-law in California's Intestate Succession orders the priority of heirs. (Fact) Kevin Denburg purchases CHIPPENDALE USA LLC andre-registered the trademark a few years after the fraudulent Purchase. The records above indicate the attorney of record. USPTO did say to the ("Petitioner") that the Chippendales mark from Irene Banerjee by CLP Tours was fraudulent. Please see the USPTO Court of Appeals indicated without Merit Exhibit. Supreme Court ruled that although there is no federal jurisdiction to probate a will or administer an estate", federal courts haveJurisdiction over suitstransferred. "California Rules of Court, rule.204(a)(1)(B), "*Randall v. Milliman*, No. G055133, 6 (Cal. Ct. App. Aug. 7, 2018) (Petitioner) Complaint also points this out. Plaintiff alleges a violation of §1125(a) and 1125(c) trade duress in this first amended complaint. Evidence of this confusion is attached.

## XII.   **SEVENTH CAUSE OF ACTION WILLFUL DECEPTIVENESS**

27. ("Respondents") further, purports/alleges that ("Petitioner") to this courtdiversity of citizenship?? A strong presumption against federalcourt Jurisdiction requires clear

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3) WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY DUTY - 10
BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW "BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

evidence to the contrary. The Defendants cannot produce this pointis moot.

("Respondents") submitted emails to the court because the ("Petitioner") disagreed. With

to confer on and share his intentions regarding the required matter without counsel.

("Respondents") further purport to suggest that its clients made fraudulent purchases

acquire it's an illegal assignment of rights from Helen Maryman, on or around September

6, 2001, some without the consent of the registrant of record and infringing ("Petitioner")

IP Licensing rights since September 21, 2020.

**XIII.** **2005 California Business and Professions Code Sections 14320 Article**
**11.InfringementBUSINESS AND PROFESSIONS CODE SECTION 14320**

28. Plaintiff alleges the following trademark infringements.

    (a) Subject to the provisions of Section 14340, a personshall be subject to a civil action
       by

    (b) The owner of a registered mark and the remedies provided in Section 14330 for doing
       any of the following:

       (1) Using, without the consent of the registrant, any reproduction, counterfeit, copy,
          or

       (2) Colorable imitation of a mark registered under this chapter in connection with the
          sale, offering for sale, or advertising of any goods or services on or in connection
          with which that use is likely to cause confusion or mistake or to deceive as to the
          source of origin of those goods or services.

       (3) Reproducing, counterfeiting, copying, or colorable imitating any mark of that type
          andapplying that reproduction, counterfeit, copy, or colorable imitation to labels,
          signs, prints,packages, wrappers, receptacles, or advertisements intended to be
          used upon orinconjunction with the sale or other distribution in this state of those
          goods or services.The registrant shall not be entitled under this paragraph to
          recover profits or damages unless the acts have been committed with the
          knowledge that the mark is intended to be used to cause confusion or mistake or
          to deceive.("Respondents") further, purports/alleges that ("Petitioner") to this
          court diversityof citizenship?? A strong presumption against federalcourt
          Jurisdiction requires clear evidence to the contrary. The Defendants cannot

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO
SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3)
WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY
DUTY - 11
BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW
"BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

produce this point is moot. ("Respondents") submitted emails to the court because the ("Petitioner") disagreed with arguments and assertions.

(4) We are confident that the defense counsel's claim is without evidence to support its claim ineither fact or the gray area, Due to its( "Defendants") counsel assertion filingsbecause the ("Petitioner") pages 1-8 complaint, is supportedwith exhibits, and timelines. (Fact) ("Defense counsel")  alleges.  Purchasing a fraudulent ("Chippendale") was the common law in or around 2000. Now alleges against the plaintiff for discovering the("plaintiff") is the Administrator of the Somen Banerjee Estate. As Admitted on the docket and record Page 1 of 9. From the ("Defendant's") June 16, 2023 filing. The Case unlawful formative marks have grossly.  Infringed ("Plaintiff") trademark rights to License, Collect, and Advertise. From  Common law rights from the Somen Banerjee's Estate earnings.

(5) Fraud crimes are punishable by huge fines and court rulings that support the "White Collar crime" offenses based upon the deceit of another's Intellectual Property and or inheritance, by identity theft using another person's personal information fraudulently or forgoing official documents to make them appear authentic for financial gain. In this case, the probate court ruled on this estate as ("Petitioner") as the son of Somen Banerjee on September 21, 2020, signed by deputy clerk of the court Sherri R. Carter and Tonya Quinn with Full authority.

(6) The old Executor or trustee sold fraudulent intellectual property to the "Defendants") without a will or effort to benefit heirs or the("Petitioner"). The ("Petitioner") pleads with this court to honor the statute that he is legally entitled, under the California Probate Code Section 21620-20622, to control his father's estate.("Petitioner") has been busy trying to gather legal defense funds to get counsel and support a family from this legal issue and or attack, since 2017.  On the statutory merits of a monetary penalty. From the severity of these allegations. Under the Lanham Act, Trademark owners can seek financial relief compensation for gross infringements.

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3) WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY DUTY - 12
BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA. 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW "BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

**The State of California Probate Court Held that Plaintiff in this proceeding is the Administrator/ on Record (See Original Exhibits1-8 from the operative complaint) filed on April 3, 2023.**

29. This raises some basic questions for the Respondent's counsel. 1). The marks must be Dead or Abandoned, 2). Registered as counterfeit if the transaction was fraudulent. And the "False Advertising" fraudulent activity and The Reason should be obvious from what is this pleading indicates ("Attorney Notes") and the Research of the court's records. Both in the law of trademark and of unfair competition, the basic right of the plaintiff Derives from his actual USPTO Sealed Registration from the USPTO in its original certification, asevidenced with the ("Petitioner/Plaintiff") initial pro se filings with the court.

30. Please seethe Good Standing Certificate as evidence of ownership with registered USPTO trademarks in this case.

## XIV.   USPTO History of the Marks in Question, An USPTO CertificationWhich shows the cause of right to Plaintiff as Beneficiary

**XV.**     The US appeals court struck the (defendant's Team of attorneys) and went to USPTO court to challenge a "Bowtie and word mark" now abandoned. Because of the fraudulent marks. Under Rule 9 of Federal Rules of Civil Procedure (b) (c) (d). Defendants continue under Intent, Malice, to continue to damage the reputation of the ("Plaintiff) I am the son of Somen Banerjee.

## XVI.   MEMORANDUM POINTS OF AUTHORITIES

31. ("Respondent's") Chippendales USA, LLC ("Chippendales") attempted to confer with prose plaintiff Jesse Banerjee on multiple occasions.The fact is that this Case should not be dismissed because of a federal court order, and the court does have Jurisdiction against unlawful trademark infringement kind of illegal, fraudulent behavior. Thus, at present, the pleader can determine procedural consequences by exercising the classic privilege given by the saving-to-suitors clause (28 U.S.C. §1333) or by equivalent. Statutory provisions. ("Petitioner") is managing his life the best he can under the timeline of the schedule constraints submitted by ("Defendants") counsel in these matters.

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3) WILL FUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY DUTY - 13

BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW "BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

32. ("Petitioner")  has suffered a loss of past, future, and present passive income or any inheritance from September 21, 2020 ("fraudulent licensing practices"), those are selling tickets online merchandise with trademarks on it and additional online stores and boutiques that are ongoing and generating daily profits from late father's business due to casino licensing, such as Caesar's Place and Rio, and Live Nation are few fraudulent pass-thru activities in California and worldwide. On Amazon, zazzle, event tickets, merchandising, fine Art America, gig tee .net, and numerous unlicensed websites across the United States. In support of this first amended complaint to the operative complaint dated April 3, 2023. The Fact Mr. Denburg, who alleges purchasingthe Chippendale mark, registered it a few years after the fraudulent Purchase in the operative complaint alleges. The Federal Court of Appeals ruling is on  October 1, 2010.See below Exhibit 4 as part of the operative complaint.. ("Plaintiff Mark was registered 1981 protected as the first user in commerce) goods were first sold or transported the services rendered in the united states. Submitted with an operative complaint submitted original article of incorporation 1975 signed by the late Somen Banerjee.

33. The **statute** governing **personal Jurisdiction** for the federal courtis **FRCP 4**. **Rule** 4(k)(1)(a) provides that a federal court can piggyback onto the **longarm statute**. See *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), was a landmark decision of the Supreme Court of the United States in which the Court held that a party, particularly a corporation, may be subject to the jurisdiction of a state court if it has "minimum contacts" with that state.[1] The ruling has important consequences for Limited Liability Corporations involved in interstate commerce, such as Chippendales US LLC and during the ("Petitioner") fraudulent experiences and embezzlement with his Aunt Helen Maryman, deceased stepmother, who, according to ("Petitioner,") and is a matter of record and law in this Jurisdiction, made herself a CEO from a fraudulent Purchase agreement on October 3, 1994, before the ("Petitioner") father's death.   On father October 24, 1994. Without any legal authority to do so. After his Deceased stepmother passed away suddenly, Plaintiff's stepmother's sister Helen Maryman unlawfully sold assets without ("plaintiff") consent. The non-party Helen Maryman's alleged bad faith misappropriation of property from Somen Banerjee's estate, as stated in the ("Respondents") June 16, 2023, Reply to the court [Docket#25].

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3) WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY DUTY - 14
BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW "BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

34. **Federal rule (62) (f) (h)** of Civil Procedure Stay of Proceedings to ("Plaintiff") is requested because ("Plaintiff")is a victim form Embezzlement, infringement claims, unjust enrichment, and breach of contract per his operative complaint.("Defendants') June 16, 2023, Joint Report. (Defendant Rule 26F of the Federal Rules of Civil Procedure, Scheduling Conference Report, followed by a Default Judgment before the 30-Day rule. In the State of California, intestate succession only allows the right of publicity. To be inherited by the decedent's spouse, parents, children, or grandchildren, eliminating. Cousins, **aunts,** and **uncles**. Intestate succession only allows the right of publicity to be inherited by the decedent's spouse, parents, children, or grandchildren, eliminating. Cousins,**aunts,oruncles.**Which was false.  (See Exhibits in the operative Complaint) Opposing Counsel mentioned in the State trial attorney Notes) The probate estate case has already been litigated based on actual rulings in favor of the (Petitioner"). The federal matter was also ruled on in this Jurisdiction of the Court. In 2005 Helen dealt with embezzlement funds from  CHIPPENDALES USA LLC with NY Investors and Kevin.Denburg. To meet the court deadlines as requested by the ("Respondent") counsel. The injury to the plaintiff is present, and the Fraud upon the consumer is present; It would appear nothing else is needed. ( Please see cases) This is the principle upon which the two English bicycle cases were Decided. Walter v. Ashton, 1902, 2 Ch. Div. 282; Eastman Co. v. Kodak Co., 15 Rep. Pat. Cases 105. It was also at the bottom of our own decision in the Peninsular [Chemical] Co. v. Levinson, 6 Cir., 247 F. 658, 159 C. C.A. 560, Sales] Co. v. [N. K.] Fairbanks Co., 50 App.D.C. 250, 270 F. 686; Aunt Jemima [Mills] Co. v. Rigney [& Co.] 2 Cir., 247 F. 407, 159 C. C.A. 461, L.R.A.1918C, 1039.

## XVII. Closing Pleading with this Filing relates to Plaintiff's Ownership rights filed at(USPTO) United States Patent Trade Office in his Operative Complaint.

35. ("Petitioner") re-alleges from his operative complaint dated April 3, 2023. Defendants and each of them knowingly, intentionally, and recklessly engaged in the devices as mentioned earlier, schemes, and artifices to defraud, made untrue statements of material facts and omitted to state the material facts, and engaged in fraudulent acts, practices, and courses of business.  In engaging in such conduct, Defendants acted with scienter, intending to deceive, manipulate and grossly defraud or with severe reckless disregard for

the truth.  United States Court of Appeals for Federal Circuit doesn't feel (CHIPPENDALES USAINC) Mark is without merit, and The Board affirmed the examining attorney's refusal to register the " cuffs& Collar Word Mark as inherently distinctive to the ("Defendants") counsel on November 24, 2010. ("United States Patent and Trademark Office") What is with merit and protectable, and what is not. In 2005 the (" Defendants") filed a second application seeking again to register the marks as inherently distinctive. The PTO bars applicants from registering the same mark for the same goods and services once another owner has filed it. See Trademark Manual of Examining Procedures § 703 [starting now TMEP].September 5, 2007, the Examining attorney issued her final Office Action refusing to register the mark because the mark was not [inherently distinctive]. So ( Defendants) allege they have common law rights -? On marks refused by the (United States Patent and Trademark Office) For this reason, the validity of the mark, as well as its registrations, ownership, and the exclusive right of the owner to use the mark in commerce. 15 U.S.C. § 1115(b) My position is that I am the owner by birthright and by his registration from the USPTO prima facie burden. So Clearly, if this fraudulent claim does not properly protect the marks, it is of no distinctiveness to suggest it's own by ("Defendants and or the Respondents"). I rest on the United States Court of Appeals rulings for the Federal Circuit in RE [Chippendales USA, INC/].

## XVIII. NATURE OF THE PROCEEDING AND RELIEF SOUGHT

36. I, the ("Plaintiff"), have legal rights awarded by the state court in this subject matter and protect clearing my father's name and legacy Estate. This Case arises from the ("Defendants") disregard of ("fraudulent activity") and or the intent to defraud the Intellectual property owners, which was entrusted to ("Defendants") in a fiduciary Letter of Administration relationship in or around 2020. ("Defendants") Clients have enriched themselves by millions if not billions of U.S. dollars by making infringements that stem from (May 30, 2001, (fraudulent - Asset Purchase Agreements and other documents to steal an Estate's royalties under pretenses.

37. I, the ("Plaintiff"), seek a final judgment: (a) permanently enjoining ("Defendants") and or a third party)  from committing further interruptions and violations of the federal laws they have violated; (b) ordering ("Defendants") to disgorge their ill-gotten gains with

prejudgment interest; (c) permanently enjoining ("Defendants") and any entity controlled by them from, directly or indirectly, using the means or instrumentalities of interstate commerce to: (i) participate in the issuance, Purchase, Settlement Licensing offer, or sale of any security, including any  asset security, in any unregistered transaction; (ii) act as an unregistered exchange with respect to any securities, including all  asset securities; (iii) act as an unregistered broker or dealer with respect to any securities, including any RIO casino asset securities; and (iv) act as an unregistered clearing agency with respect to any securities, including any asset securities; (d) imposing civil monetary penalties on ("Defendants");  (e) ordering annually equitable relief  Which exceeds $75,000,000 in Damages and Lost profits of Casino income, and mental health anguish injury's, that is deemed appropriate for the last 3 years and or should be discussed in the (Settlement Proceedings).  Filed on the Docket [#25]

38. We reiterate and allege alleged  these infringer's "use[d] in commerce (CHIPPENDALES USA INC) reproduction, counterfeit, copy, or colorable imitation of a registered name marks in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a) (emphasis added). ("Defendants"), and each of them, (Plaintiff) herein known as the (Petitioner), have suffered the following damages below. Damaged in an amount to be proven at trial or by pre-trial settlement efforts, but over $75,000.00.


WHEREFORE, the plaintiff prays judgment against the Defendants as follows

1. For rescission.

2. For Compensatory damages

3. For consequential damages

4. For prejudgment interest on damages.

5. For punitive damages

6. For Costs of suit herein incurred; and

7. For further relief, the court may deem proper.

BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW "BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

## XIX.   DEMAND FOR JURY TRIAL

As a result, the plaintiff demands a trial by jury according to Federal Rules of Civil Procedure, Rule 38.

DATED: JULY 10, 2023,                    Jesse Banerjee



s/Jesse Banerjee

Jesse Banerjee

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3) WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY DUTY - 18

BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA. 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW "BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

# EXHIBIT 1

## UnitedStates Court of Appeals for the Federal Circuit

# United States Court of Appeals
# for the Federal Circuit

---

(Serial No. 78/666,598)

### IN RE CHIPPENDALES USA, INC.

---

2009-1370

---

Appeal from the United States Patent and Trademark
Office, Trademark Trial and Appeal Board.

---

Decided:  October 1, 2010

---

STEPHEN W. FEINGOLD, Kilpatrick Stockton LLP, of
New York, New York, argued for appellant.  With him on
the brief was MICHELLE M. GRAHAM.

CHRISTINA J. HIEBER, Associate Solicitor, Office of the
Solicitor, United States Patent and Trademark Office, of
Alexandria, Virginia, argued for the Director of the
United States Patent and Trademark Office.  With her on
the brief were RAYMOND T. CHEN, Solicitor.  Of counsel
was KRISTI L.R. SAWERT, Associate Solicitor.

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO
SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3)
WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY
DUTY - 19
BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW
"BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

**EXHIBIT 2**

## United States Court of Appeals for the Federal Circuit

2009-1370

IN RE CHIPPENDALES USA, INC.

## Judgment

ON APPEAL from the     United States Patent and Trademark Office, Trademark Trial
                       and Appeal Board

in SERIAL NO(S).       78666598

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

<u>**AFFIRMED**</u>

ENTERED BY ORDER OF THE COURT

DATED___OCT – 1 2010___          _____
                                 Jan Horbaly, Clerk

## ISSUED AS A MANDATE:     NOV 2 2 2010

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By:_____  Date_1/22/10

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO
SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3)
WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY
DUTY - 20
BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW
"BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

1

**EXHIBIT 3**

2

3        21                          IN RE CHIPPENDALES USA

4
         Chippendales' additional arguments for setting aside the
5        Board's decision, and we find them to be without merit.
                          **AFFIRMED**
6

7

8

9

10

11

12

13

14

15

16                              CERTIFIED COPY
17                    I HEREBY CERTIFY THIS DOCUMENT
                       IS A TRUE AND CORRECT COPY
                          OF THE ORIGINAL ON FILE.
18                    UNITED STATES COURT OF APPEALS
                        FOR THE FEDERAL CIRCUIT
19                    By                    Date

20

21

22

23

24

25

26

27

28

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO
SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3)
WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY
DUTY - 21
BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL. 1945 – UNFAIR COMPETITION LAW
"BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

1

2

# EXHIBIT 4

3

## PLAINTIFF CERTIFICATE OF GOOD STANDING SEAL

4

5



6

**Secretary of State**
Certificate of Status

7

8

I, SHIRLEY N. WEBER, PH.D., California Secretary of State, hereby certify:

9

| | |
|---|---|
| **Entity Name:** | Chippendales LLC |
| **Entity No.:** | 202356716136 |
| **Registration Date:** | 04/24/2023 |
| **Entity Type:** | Limited Liability Company - CA |
| **Formed In:** | CALIFORNIA |
| **Status:** | Active |

10

11

The above referenced entity is active on the Secretary of State's records and is authorized to exercise all its powers, rights and privileges in California.

12

This certificate relates to the status of the entity on the Secretary of State's records as of the date of this certificate and does not reflect documents that are pending review or other events that may impact status.

13

No information is available from this office regarding the financial condition, status of licenses, if any, business activities or practices of the entity.

14

15



**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California this day of July 08, 2023.

16

17

SHIRLEY N. WEBER, PH.D.
Secretary of State

18

19

20

Certificate No.: 128204126

21

To verify the issuance of this Certificate, use the Certificate No. above with the Secretary of State Certification Verification Search available at bizfileOnline.sos.ca.gov.

22

23

24

25

26

27

28

BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW "BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

| USA Trademarks | Registration | Status | Filing Date | Serial | Atty of record |
|---|---|---|---|---|---|
| CHIPPENDALES | 2364804 | DEAD | 04-12-96 | 75087375 | Feingold |
| CHIPPENDALES | 3999348 | DEAD | 05-03-10 | 85028450 | Feingold |
| CHIPPENDALES | 85180041 | Live | 11-18-10 | 3981590 | Lieberstein |
| CHIPPENDALES | 78387538 | Live | 03-19-04 | 3127649 | Liberstein |
| CHIPPENDALES | 78956344 | Live | 08-21-06 | 3690717 | Tutunjian |
| CHIPPENDALES | 73305435 | Live | 4-13-81 | 1197438 | Liberstein |
| CHIPPENDALES | 2051757 | Live | 11-6-93 | 74444603 | Tutunjian |
| CHIPPENDALES | 1197438 | Live | 4-13-81 | 73305435 | Easebe Inc |
| CHIPPENDALES | 1330855 | Live | 08-9-84 | 73494001 | Easebe Inc |

BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA. 60 F. SUPP. 442 (S.D. CAL. 1945 – UNFAIR COMPETITION LAW
"BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

1

## EXHIBIT 6

2

3

## UNFAIR COMPETITION / DECEPTIVE TRADE PRACTICES
### 15 U.S.C. § 1125 (a)

4



5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO
SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3)
WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY
DUTY - 24

BROOKS BROS. V. BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW
"BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

# EXHIBIT 7

Event Tickets California Infringement(s) booked Online for Vegas.com



PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO
SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3)
WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY
DUTY - 25

BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL. 1945 – UNFAIR COMPETITION LAW
"BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

1

2 **EXHIBIT 8**
**REGISTERED PROTECTABLE US TRADEMARK FOR PLAINTIFF CLAIM**

3

4 United States Patent and Trademark Office
Home Site Index Search FAQ Glossary Contacts eBusiness eBiz alerts News

Trademarks > Trademark Electronic Search System (TESS)

5

TESS was last updated on Sat Jul 8 03:32:22 EDT 2023

6 TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

7 Logout  Please logout when you are done to release system resources allocated for you.

Start  List At:       OR  Jump  to record:        **Record 34 out of 43**

8

9 TSDR | ASSIGN Status | TTAB Status  ( Use the "Back" button of the Internet Browser to return to TESS)

10

# CHIPPENDALES

11

12 | | |
|---|---|
| Word Mark | CHIPPENDALES |
| Goods and Services | IC 041. US 100 101 107. G & S: Entertainment Services-Namely [ Discoteque ] Male Dance Exhibitions [ Mud Wrestling ] FIRST USE: 19781201. FIRST USE IN COMMERCE: 19781201 |
| Mark Drawing Code | (1) TYPED DRAWING |
| Serial Number | 73305435 |
| Filing Date | April 13, 1981 |
| Current Basis | 1A |
| Original Filing Basis | 1A |
| Published for Opposition | March 16, 1982 |
| Change In Registration | CHANGE IN REGISTRATION HAS OCCURRED |
| Registration Number | 1197430 |
| Registration Date | June 8, 1982 |
| Owner | (REGISTRANT) Easebe Enterprises Inc. CORPORATION CALIFORNIA 3573 3rd Street, suite 266 Los Angeles CALIFORNIA 90020 |
| | (LAST LISTED OWNER) CHIPPENDALES USA, LLC CORPORATION DELAWARE 4 Expressway Plaza, Suite 216 Roslyn Heights NEW YORK 11577 |
| Assignment Recorded | ASSIGNMENT RECORDED |
| Attorney of Record | Marc Lieberstein |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20221216 |
| Renewal | 3RD RENEWAL 20221210 |
| Live/Dead Indicator | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO
SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3)
WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY
DUTY - 26
BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW
"BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

1

2

3

**EXHIBIT 9**
**MARRIAGE DILUTION OF S. BANERJEE AND I . BANERJEE**
**AUG 17, 1994**

4

5

6



7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO
SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3)
WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY
DUTY - 27

BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW
"BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

JB-RFP1-000025

DATE: August , 1994

Somen Banerjee
Somen Banerjee
aka Steve Banerjee

DATE: August 16, 1994

Irene Banerjee
Irene Banerjee

Approved as to form:

DATE: August 16, 1994

Stanley H. Getz, Attorney for
Somen Banerjee
aka Steve Banerjee

DATE: August 16, 1994

Hugh John Gibson, Attorney for
Irene Banerjee

IT IS SO ORDERED

DATED: August ____, 1994
AUG 17 1994

Judge/Judge Pro Tem/Commissioner
Los Angeles Superior Court

HUGH E. MACBETH
JUDGE PRO TEM

banerjee\judgment 16

**EXHIBIT 10**

**SUPERIOR COURT DECLARATION OF HELEN MARYMAN**



1  BROWN WHITE & OSBORN LLP
   JACK B. OSBORN (Bar No. 230447)
2  333 S. Hope Street, 40th Floor
   Los Angeles, CA 90071
3  Telephone:  909.798.6179
   Facsimile:   909.798.6189
4  josborn@brownwhitelaw.com

5  Attorneys for Non-Party Witness
   HELEN MARYMAN
6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF LOS ANGELES

10

11  JESSE BANERJEE,                    Case No.: 17STPB02593

12          Petitioner,                 Judge: Hon. Daniel Juarez

13  v.                                  DECLARATION OF HELEN MARYMAN
                                        IN SUPPORT OF MOTION TO QUASH
14  ESTATE OF SOMEN BANERJEE,           SUBPOENAS DUCES TECUM FOR
                                        PRODUCTION OF DOCUMENTS,
15          Claimants.                  ELECTRONICALLY STORED
                                        INFORMATION, AND THINGS AT
16                                      TRIAL OR HEARING

17
                                        [Notice of Motion and Motion, Separate
18                                      Statement, Declarations of Jack B. Osborn filed
                                        concurrently herewith; Proposed Order lodged
19                                      concurrently herewith]

20
                                        Date:   February 6, 2023
21                                      Time:   8:30 a.m.
                                        Place:  Dept. 67
22

23  ///

24  ///

25  ///

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO
SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3)
WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY
DUTY - 29
BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA, 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW
"BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

**DECLARATION OF HELEN MARYMAN**

I, HELEN MARYMAN, hereby declare as follows:

1.      I am over the age of 18 and a resident of the State of California.  I make this declaration from personal knowledge, and if called as a witness, could and would testify competently to the matters set forth herein.  Because this declaration is for a limited purpose, it does not include all information I know about this matter.  I make this declaration in support of my Motion to Quash Subpoenas Duces Tecum for Production of Documents, Electronically Stored Information, and Things at Trial or Hearing.

2.      On October 24, 1994, Decedent Somen Banerjee passed away.  He was survived by Irene, and his children, Lindsay and Christian.  To my knowledge, Lindsay and Christian received nothing from Decedent's Estate.

3.      On February 8, 2001, Irene Banerjee, my sister, passed away.  I was appointed administratrix of Irene's estate, which contained no assets from Decedent or his Estate.  The estate of Irene was discharged on April 13, 2005, Case No. BP068900.

4.      I am not an officer, director, custodian of records, or agent authorized to accept service for Easebe Enterprises Inc., Forsythe Holdings, Inc., or Degroof Perecam Luxembourg, nor am I the custodian for any Chippendales Trademark records.  I was never employed by any of these entities.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on 11/29/22 in Simi Valley, California.

*Helen A. Maryman*

**HELEN MARYMAN**

2

DECLARATION OF HELEN MARYMAN IN SUPPORT OF MOTION TO QUASH SUBPOENAS DUCES TECUM FOR PRODUCTION OF
DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS AT TRIAL OR HEARING

PPOSITION TO NOT DISMISS THE LEGAL ARGUMENT IN OPERATIVE COMPLAINT IN PLAINTIFF PRO
SE COMPLAINT DATED APRIL 3, 2023 (1) FRAUDULENT CONVEYANCE (2) UNFAIR COMPETITION (3)
WILLFUL DECEPTIVENESS (4) FRAUD (5) TRADEMARK INFRINGEMENT(6) BREACH OF FIDUCIARY
DUTY - 30

BROOKS BROS. V BROOKS CLOTHING OF CALIFORNIA. 60 F. SUPP. 442 (S.D. CAL 1945 – UNFAIR COMPETITION LAW
"BOTH THE PLAINTIFF AND DEFENDANTS ARE COMPETING IN THIS ENTERTAINMENT FIELD."

1

## PROOF OF SERVICE

2   I declare I am employed in the County of Los Angeles, State of California.  I am over

3   the age of eighteen years and not a party to this action.  My business address is Jesse Banerjee
3573 3rd Street, Suite 206 Los Angeles, CA 90020

4   On the date set forth below, I served the following document entitled:

5   **DEMAND FOR JURY TRIAL** on the interested parties in this action, as follows:

6

7   Rita Weeks
Kilpatrick Townsend and Stockton LLP
1114 Avenue of the Americas 21st Floor New York, NY 10036
212-775-8700

Evan S Nadel
Kilpatrick Townsend Stockton, LLP
Two Embarcadero Center Suite 1900 San Franc
isco, CA 94111
415-576-0200

8   Fax: 212-504-9566
Email: rweeks@kilpatricktownsend.com

Fax: 415-576-0300
Email: enadel@kilpatricktownsend.com

9

10

11

12

13

14   ☐ [By E-Mail]  I caused said document to be sent by electronic

15   transmission to the e-mail addresses indicated for the parties listed above.

16   ☒ [By First Class Mail] I am readily familiar with my employer's practice for collecting
and processing documents for mailing with the United States Postal Service.  On the date listed herein,

17   following ordinary business practice, I served the foregoing document at my place of bu
siness,     by placing true copies thereof,     enclosed in sealed envelopes,     with first c

18   lass postage thereon fully prepaid, for collection and mailing with the United States Postal Servic
e where they would be deposited with the United States Postal Service that same day in the ordinary c

19   ourse of business.

20   ☐ [By Overnight Courier]  I caused eac
h envelope to be delivered by a commercial carrier service for overnight delivery to the offic

21   es of the addressees.

22   ☐ [By Hand]  I directed each envelope to the parties so designated on the servic
e list to be delivered by courier this date.

23   I declare under penalty of perjury under the laws of the State of C

24   alifornia that the foregoing is true and correct, and that this declaration was execu
ted on May 15, 2023.

25

26   7-10-23

27   Jesse Banerjee

28   - 1 -