| | |
|---|---|
| 1 | Evan S. Nadel (CA Bar No. 213230) |
| 2 | KILPATRICK TOWNSEND & STOCKTON LLP |
|   | ENadel@kilpatricktownsend.com |
| 3 | Two Embarcadero Center, Suite 1900 |
|   | San Francisco, CA 94111 |
| 4 | Telephone: (415) 576-0200 |
|   | Facsimile: (415) 576-0300 |

FILED
2023 JUL 17 AM 9: 29
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

Evan S. Nadel (CA Bar No. 213230)
KILPATRICK TOWNSEND & STOCKTON LLP
ENadel@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Rita Weeks (CA Bar No. 232396)
Rweeks@kilpatricktownsend.com
Marc A. Lieberstein (*admitted pro hac vice*)
MLieberstein@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 775-8700
Facsimile: (212) 504-9566

*Attorneys for Defendant, Chippendales USA, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE BANERJEE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHIPPENDALES USA, LLC,<br><br>　　　　Defendants. | Case No. 2:23-cv-03676-PA (PDx)<br>Judge: Hon. Percy Anderson<br><br>**JOINT RULE 26(F) SCHEDULING CONFERENCE REPORT**<br><br><u>SCHEDULING CONFERENCE</u><br>Date: July 24, 2023<br>Time: 10:30 a.m. |

  Under this Court's Minute Order dated June 29, 2023 (ECF No.26), counsel for Defendant Chippendales USA, LLC ("Chippendales") conferred with *pro se* plaintiff Jesse Banerjee and Mr. Dayna Staggs, Sr.[1] to discuss the topics identified in Rule 26(f) of the Federal Rules of Civil Procedure, Central District of California Local Rule 26-1.

  The parties' positions on the relevant issues are reflected below.

**1. Synopsis of Principal Issues in the Case**

  **a. Plaintiff Mr. Jesse Banerjee's statement**

1. **[Mr. Banerjee's position]**This is an action by the ("plaintiff") appearing as pro seat this time, seeking monetary, punitive, and compensatory damages for Fraud, negligence, Breach of Fiduciary Duty, Fraudulent Conveyance, Willful Deceptiveness, Unfair Competition, and Trademark Infringement in violation of the applicable federal law against the named ("defendants") filer of **CHIPPENDALES USA LLC**. Mr. Banerjee is the oldest son of Somen Banerjee, the inventor of the marks. Plaintiff has proof of ownership from USPTO and California Probate Court (on September 21, 2020, Letter of Administration). Mr. Banerjee's Petition contains sufficient factual evidence in each exhibit, not just allegations, establishing entitlement to relief within the Statutes of First Use in Commerce as the inventor's son. The Lanham Act contains no statute of limitations applicable to trademark infringement, unfair competition, or similar causes of an action brought under Section 43(a) of the Act, including false advertising and false association.The

---

[1] During the teleconference on July 13, 2023, Mr. Staggs stated that he is seeking local counsel to sponsor his planned application to appear *pro hac vice* and recognized that Mr. Banerjee's currently remains *pro se*.

"Defendants" are infringing registered trademarks at USPTO, which are legally protected and registered in 1981, protected by the first use of interstate commerce basis (Under the Trademark Act Section 1(a). Chippendale USA LLC has no legal standing or merit per the US Court of Appeals Action from October 1, 2010.

**Defendant Chippendales USA, Inc.'s statement**

Chippendales owns the world-famous CHIPPENDALES male performance troupe business and the associated CHIPPENDALES trademarks. Chippendales acquired the CHIPPENDALES business and CHIPPENDALES trademarks over 20 years ago as a bona fide purchaser for value. Since it reached the business in 2000, Chippendales has been the sole and exclusive user of the mark CHIPPENDALES and CHIPPENDALES-formative patterns in the United States and therefore has established nationwide common law rights in the marks through its continuous and exclusive use of the effects from 2000 through the present.

This matter began in a Los Angeles Superior Court probate proceeding, in which Mr. Banerjee filed a petition against Chippendales under Cal. Probate Code §§ 850(a)(3)(B) and 859, alleging that when Chippendales purchased the CHIPPENDALES trademark in 2000, it was a "fraudulent purchase" (the "Petition"). The Petition requests a court order: (a) "upholding the decision of the USPTO holding that the sale of the CHIPPENDALES trademark was fraudulent"; (b) finding that the CHIPPENDALES trademark currently owned by Chippendales is part of the estate of Mr. Somen Banerjee (whom Plaintiff contends was his father); (c) transferring the CHIPPENDALES trademark owned by Chippendales to Somen Banerjee's estate, which Plaintiff administers; and (d) restraining Chippendales from using the CHIPPENDALES trademark. In addition, Mr. Banerjee's Petition seeks a monetary penalty against Chippendales of "twice the value of the property recovered"

for an unrelated, third-party's alleged bad faith misappropriation of property from Somen Banerjee's estate.

Because the Petition is adversarial, it is a "civil action" properly removable within the meaning of 28 USC § 1441(b). On May 12, 2023, Chippendales removed Mr. Banerjee's Petition to this Court based upon diversity of citizenship. Although it is difficult to determine what, if any, legal claims Plaintiff's Petition intends to state, Chippendales believes the principal issues, in this case, include, without limitation, the following:

- Identification of what particular cause(s) of action Mr. Banerjee is asserting against Chippendales in his Petition; Lanham Action Violations, and Unfair Competition Law Violations
- Whether Mr. Banerjee has standing to claim any cause of action stated in the Petition or otherwise asserted in this action;
- Whether Mr. Banerjee's Petition contains sufficient factual allegations to establish an entitlement to relief within any cognizable legal theory;
- Whether the applicable statutes of limitations bar Mr. Banerjee's claims;
- Whether any of the issues raised in the Petition concerning Mr. Banerjee's status as the son of Somen Banerjee and the transfer of certain of Somen Banerjee's assets to his wife has any relevance to Defendant's ownership of all CHIPPENDALES marks today;
- Whether Mr. Banerjee is an "omitted child" within the meaning of California Probate Code Sections 21620-20622; and
- If Mr. Banerjee has any valid, timely claims and prevails on the merits, whether a plaintiff may recover from a defendant a monetary penalty of "twice the value of the property recovered" under California Probate Code section 859 based on alleged

wrongful taking, concealment, or disposal of estate property by an unrelated third-party.

## 2. Additional Parties and Potential Amendments to Pleadings

### a. Mr. Jesse Banerjee's statement

According to the court direction, [Banerjee's position] (Plaintiff) reserves the right to file a motion to add new parties directly associated with this claim. The parties were issued cease and desist notices concerning Lanham Act violations.(Plaintiff) Father's Mark was already FAMOUS in the 1980s. (Fact) With appearances on Inside Edition https://youtu.be/KwLubhaKPBA, the late Somen Banerjee Chippendales mark and Dancer made early appearances on the syndicated show(s) of Joan Rivers (1989), which is now on youtube. And in the 1990s on Phil Donahue Showhttps://youtu.be/1ovPFFesizg. Recently, Again on Saturday Night Live Vintage and Jimmy Kimmel, seven months in 2023 ago with Kumail Najiani and the illegal drama "Chippendales" mini-series on HULU, which is harmful content to the Plaintiff's name and trademark protected by Lanham Act under 43(a).

("Defendants") Clear illegal License(s) on a drama tv mini-series. And the last ten years of fraudulent conveyance filings of the (USPTO) and a recent decision from the US Court of Appeals have denied ("Defendants") for using the mark.

Lastly, once a mark has been registered and in continuous use for Five consecutive years of its origin after the date of registration, it becomes "incontestable" under the US Trademark Act, thus resulting in additional benefits to the owner. (Plaintiff) in this matter, 1981-1991 became an uncontestable trademark. *In re Chippendales*

*USA, Inc.*, 622 F.3d 1346, 1349 n.1 (Fed. Cir. 2010) ("15 USC § 1065.")

The (Plaintiff) registration is treated as "conclusive Evidence" of the validity of the mark, its registration ownership, and the exclusive right of the owner to use the mark in commerce. *In re Chippendales USA, Inc.*, 622 F.3d 1346, 1349 n.1 (Fed. Cir. 2010) ("15 USC § 1115(b).")

Yet Defendants continue to argue on their baseless arguments. Without due regard of the USPTO, without any evidence to support or state a claim in their rightful ownership of the mark from the USPTO Court, or (Plaintiff) father's Prior Art or prior Disclosure in Printed Publications such as "Chippendales" men's 1985 Publication of print media calendars. No Common law rights to a Dead mark are (sic). (Plaintiff) submitted the applicable letter from USPTO and enclosed with this letter (Defendant's) claims/ marks registration 2364804 (04-12-96) and 3999348 (05-03-10) are DEAD and **meritless** according to the US Court Of Appeals order decided on October 1, 2010 [Docket 28] Filed response on 7/12/2023 [Exhibit 1]Opposition not to Dismiss the Legal Arguments raised in the Operative complaint and the opposition to state a claim in plaintiff pro se complaint filed on April 3, 2023.

### b. Chippendales' statement

Chippendales does not intend to file any motions to add new parties but reserves the right to do so per the schedule set by the Court should further information come to light.

Chippendales notes that a related action is pending before this Court, *Chippendales USA LLC v. Banerjee*, Case No. 23-cv-03672-PA-PD, in which

Chippendales alleges claims for trademark infringement against Jesse Banerjee.

### 3. Issues that May Be Determined by Motion

#### a. Mr. Jesse Banerjee's statement

**Defendants have claimed a mark fraudulently.**

2. [Mr. Banerjee's position] California Criminal Statute of Limitations on Fraud and embezzlement of the income derived from the ("CHIPPENDALES USA INC") in this case, is highlighted, with attachments to support. From fraudulent Asset Purchase Agreements to ticket sales, general income derived/embezzled. Powered by websites from this business, including tickets online and HULU TV series. Sales practices through the State of California.
3. Plaintiff's Letter of Administration filed in his operative complaint [Exhibit 10] grants him exclusive intellectual and real property rights and his Domestic Federal Trademarks of ownership to "Chippendales" since his father invented this in pop culture.

#### b. Chippendales' statement

Chippendales' motion to dismiss the Petition is pending and set for hearing on July _, 2023. Mr. Banerjee filed an Opposition to the action on July 10, 2023 (ECF No. 28).

### 4. Initial Disclosures

#### a. Mr. Jesse Banerjee's statement

[Mr. Banerjee's position]Defendants do not own the CHIPPENDALES USA LLC MARK. Lastly, once a Plaintiff mark has been registered and in continuous use for Five consecutive years of its origin after the date of registration, it becomes "incontestable" under the US Trademark Act, thus resulting in additional benefits to

the owner. (Plaintiff) in this matter, 1981-1991 became an uncontestable trademark. *In re Chippendales USA, Inc.*, 622 F.3d 1346, 1349 n.1 (Fed. Cir. 2010) ("15 USC § 1065."), The (Plaintiff) registration is treated as "conclusive Evidence" of the validity of the mark, its registration ownership, and the exclusive right of the owner to use the mark in commerce. *In re Chippendales USA, Inc.*, 622 F.3d 1346, 1349 n.1 (Fed. Cir. 2010) ("15 USC § 1115(b).")

### b. Chippendales' statement

Given Chippendales' pending motion to dismiss, Chippendales proposes initial disclosures under Fed. R. Civ. Proc. 26(a), if any, should be deferred until fourteen (14) days after the Court rules on the pending motion to dismiss if it is not granted with prejudice.

### 5. Discovery

### a. Mr. Jesse Banerjee's statement

I, Jesse Banerjee, submitted my Final Opposition Not to Dismiss the Operative Complaint and a statement expressing the basis and reasons, "**Fraudulent Conveyance,**" on Pages 3 thru 6 of the Opposition to Not Dismiss the Legal Argument in the operative dated April 3, 2023, on pages 1-9, which Confirms the US Court of US Appeals Decision on all Trademarks from this court. Lastly, once a mark has been registered and in continuous use for Five consecutive years of its origin after the date of registration, it becomes "incontestable" under the US Trademark Act, thus resulting in additional benefits to the owner. (Plaintiff) in this matter, 1981-1991 became an uncontestable trademark. *In re Chippendales USA, Inc.*, 622 F.3d

1346, 1349 n.1 (Fed. Cir. 2010) ("15 USC § 1065.")(Plaintiff) registration is treated as "Conclusive Evidence" of the validity of the mark, its registration ownership, and the exclusive right of the owner to use the mark in commerce. *In re Chippendales USA, Inc.*, 622 F.3d 1346, 1349 n.1 (Fed. Cir. 2010) ("15 USC § 1115(b).") therefore, the data or other information considered was Affirmed by the US Court of Appeals for the United States Patent and Trade office Federal Circuit. The defendants have failed to produce conclusive evidence with their filings that they own the **CHIPPENDALES USA LLC** US trademarks/records.

### b. Chippendales' statement

Chippendales believes the Petition does not state a cognizable cause of action and should be dismissed. But, based on the allegations in the current Petition, the discovery would appear necessary on at least the following subjects if this action advances beyond the pleadings:

- Trademark assignments of the CHIPPENDALES trademarks.
- USPTO records of, and documents within the prosecution history files of, the CHIPPENDALES trademarks; and
- Use in commerce of the CHIPPENDALES trademarks since 2000 by the Estate of Somen Banerjee and Defendant.

Chippendales anticipates utilizing the following methods of discovery: (1) written discovery requests to Plaintiff in the form of Interrogatories, Requests for Admissions, and Requests for the Production of Documents and Things; (b) subpoenas to third parties for the production of documents; and (c) depositions of Plaintiff and other relevant witnesses.

### 6. Evidence Preservation

### a. Mr. Jesse Banerjee's statement

[Mr. Banerjee's position] is that he is the son of the inventor of the Chippendales. Chippendale is in the business of providing adult entertainment services for women. This includes the advertisement of calendars and ownership of the federal trademarks first used in commerce in 1979& 1984.Chippendales submitted evidence both of "inherent" distinctiveness and, alternatively, "acquired" distinctiveness under Section 2(f) of the Lanham Act, the examining attorney. Although n, 2003 concluded that the applicant was only entitled to a registration based on acquired distinctiveness. Because of the existing procedure at the PTO at the time of the decision, Chippendales could not contest the basis of the examining attorney's conclusion. The sole option then would have been for Chippendales to request that the registration be canceled, and the mark be remanded for reconsideration. Chippendales was about to commence an infringement action based on the roster and thus opted not to initiate the cancellation of its registration under Section 2(f). The 613 mark became incontestable in 2008 under 15 USC§ 1065. On October 1, 2010, the US Court of Appeals for the Federal Circuit affirmed the decision of the Trademark Trial and Appeal Board. One of the reasons for upholding the decision was the testimony of Chippendales' expert, who admitted the male dancers' outfits were "inspired" by those of the Playboy Bunny, who also feature a bow tie and shirt cuffs.

### b. Chippendales' statement

Chippendales has implemented a litigation hold and taken reasonable measures to preserve potentially relevant information.

### 7. Proposed Discovery Plan

**PROOF OF SERVICE**

I declare I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to this action. My business address is Jesse Banerjee 3573 3rd Street, Suite 206 Los Angeles, CA 90020

On the date set forth below, I served the following document entitled: **JOINT RULE 26(F) SCHEDULING CONFERENCE REPORT** on the interested parties in this action, as follows:

| Rita Weeks<br>Kilpatrick Townsend and Stockton LLP<br>1114 Avenue of the Americas 21st Floor New York, NY 10036<br>212-775-8700<br>Fax: 212-504-9566<br>Email: rweeks@kilpatricktownsend.com | Evan S Nadel<br>Kilpatrick Townsend Stockton, LLP<br>Two Embarcadero Center Suite 1900 San Francisco, CA 94111<br>415-576-0200<br>Fax: 415-576-0300<br>Email: enadel@kilpatricktownsend.com |
|---|---|

☐ [By E-Mail]  I caused said document to be sent by electronic transmission to the e-mail addresses indicated for the parties listed above.

☒ [By First Class Mail] I am readily familiar with my employer's practice for collecting and processing documents for mailing with the United States Postal Service. On the date listed herein, following ordinary business practice, I served the foregoing document at my place of business, by placing true copies thereof, enclosed in sealed envelopes, with first class postage thereon fully prepaid, for collection and mailing with the United States Postal Service where they would be deposited with the United States Postal Service that same day in the ordinary course of business.

☐ [By Overnight Courier]  I caused each envelope to be delivered by a commercial carrier service for overnight delivery to the offices of the addressees.

☐ [By Hand] I directed each envelope to the parties so designated on the service list to be delivered by courier this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 17, 2023.

/s/Jesse Banerjee

- 1 -