Evan S. Nadel (CA Bar No. 213230)
KILPATRICK TOWNSEND & STOCKTON LLP
*ENadel@kilpatricktownsend.com*
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone:  (415) 576-0200
Facsimile:   (415) 576-0300

Rita Weeks (CA Bar No. 232396)
*Rweeks@kilpatricktownsend.com*
Marc A. Lieberstein (admitted *pro hac vice*)
*MLieberstein@kilpatricktownsend.com*
KILPATRICK TOWNSEND & STOCKTON LLP
1114 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 775-8700
Facsimile:   (212) 504-9566

*Attorneys for Defendant,*
*Chippendales USA, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE BANERJEE,<br><br>            Plaintiffs,<br><br>      v.<br><br>CHIPPENDALES USA, LLC,<br><br>            Defendant. | CASE NO.:  2:23-cv-03676-PA (PDx)<br>*Hon. Percy Anderson*<br><br>**DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**<br><br>Date:         August 7, 2023<br>Time:         1:30 p.m.<br>Courtroom: 9A |

## I.      INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 8, 9, 12(b)(6) and 12(e), Defendant Chippendales USA, LLC moved to dismiss the Petition in this action or, in the alternative, for a more definite statement. (Dkt. 27). In response, Plaintiff filed an "Opposition to Not Dismiss the Legal Argument in Operative Complaint In Plaintiff Pro Se Complaint Dated April 3, 2023 (1) Fraudulent Conveyance (2) Unfair Competition (3) Willful Deceptiveness (4) Fraud (5) Trademark Infringement (6) Breach Of Fiduciary Duty."  ("Opposition") (Dkt. 28).

Plaintiff's Petition must be dismissed with prejudice because it fails to state a cause of action against Chippendales. Plaintiff's Opposition only reinforces the deficiencies of the Petition and demonstrates that they are incurable. The Petition and Opposition both recite a disconnected group of allegations about events transpiring more than two decades ago involving Mr. Somen Banerjee and his then-wife Irene Banerjee.  While suggesting fraudulent conduct in the 1990s, the Petition falls far short of stating such allegations with the required level of specificity.  More fundamentally, the Petition's allegations do not indicate any wrongful conduct *by Chippendales*.  To the extent the Opposition suggests potential claims for an amended pleading, all of the proposed causes of action remain facially time-barred.

Accordingly, the Petition must be dismissed with prejudice because it fails to state a cognizable cause of action and because any colorable cause of action would be barred by the statute of limitations.

## II.     ARGUMENT

### A.      The Petition Does Not Identify Any Cognizable Cause of Action

Plaintiff's Opposition concedes that his Petition fails to state or even identify a cause of action.  Plaintiff acknowledges that, at the time that he filed the Petition on April 3, 2023, he "didn't identify the cause of action yet." Opp. ¶ 5.  The Opposition further concedes that Plaintiff's "complaint alleges 'twice the value of the property recovered') for *unrelated third parties*" and that "[i]t Doesn't allege bad-faith

misappropriation/embezzlementand [sic] Fraud of funds." Opp. ¶ 11 (emphasis added). Despite conceding the Petition's failure to state a claim against Chippendales, the Opposition does not indicate if or how Plaintiff could cure these defects.  Instead, it only makes allegations against—in Plaintiff's words—"unrelated third parties."

Rather than defend the fatally defective Petition, the Opposition refers to legal claims that Plaintiff would like to assert. But Plaintiff has not filed an amended pleading. The operative pleading remains the Petition filed by Plaintiff on April 3, 2023, in the Superior Court of California, County of Los Angeles, and which was removed to this Court on May 12, 2023. (Dkt. 1.)  That Petition lacks any cognizable cause of action against Chippendales, much less one pled with the level of specificity needed to meet the pleading standard for allegations of fraud.

Some of the potential claims stated in the Opposition also conflict with the allegations in Plaintiff's Petition.  The Opposition suggests that Chippendales was involved in a fraudulent transaction when it purchased the Chippendales business from non-party Helen Maryman, the Executor of Irene Banerjee's Estate.  *See* Opp. ¶ 12 ("('Defendants') used 'Fraudulent Conveyance' with Helen Maryman."); *id.* ¶ 28(b)(6) ("The old Executor or trustee sold fraudulent intellectual property to the 'Defendants') without a will or effort to benefit heirs or the("Petitioner")"). But the Petition concedes that Defendant purchased the Chippendales business and the rights to the marks in 2000 *from CLP*. Pet. ¶¶ 21, 23. According to the Petition, neither Helen Maryman nor Irene Banerjee were parties to that transaction; Chippendales is not alleged to have had any dealings with them. Any new accusations Plaintiff might wish to level against Helen Maryman or Irene Banerjee have nothing to do with Chippendales and do not amount to a legal claim against Chippendales.

Finally, while continuing to allude to fraudulent conduct—without bothering to cite where such allegations might be found in the Petition—the Opposition fails to explain how Chippendales was involved in any of that alleged conduct.  Accordingly, Plaintiff tacitly concedes that the Petition fails to "state with particularity the

circumstances constituting fraud or mistake" concerning Chippendales.  Fed. R. Civ.

P. 9(b).  Nor does the Opposition indicate that an amended pleading would be able to

satisfy this heightened standard.  Plaintiff vaguely contends that "Defendants

(involved in *various transactions* among *the parties relatingto* [sic] it). In this case,

*with 'fraudulent, criminal activity'*)." Opp. ¶ 24. These accusations against "parties

relating to" Chippendales fall woefully short of stating "the who, what, when, where,

and how of the misconduct charged" against Chippendales.  *Ebeid ex rel. United*

*States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba-Geigy*

*Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)); *Destfino v. Reiswig*, 630 F.3d 952,

958 (9th Cir. 2011) ("shotgun pleading" does not satisfy Rule 9(b)).

### B.    Any Potential Cause of Action Would be Time-Barred

Because the Petition does not—and cannot—state a cognizable cause of action,

it should be dismissed with prejudice.  In addition to the problems noted above with

the proposed new claims referenced in the Opposition, it is clear that all such claims

would be barred by the applicable statute of limitations.  Like the events alleged in

the Petition, all of the events discussed in the Opposition took place over 20 years

ago.  Because any amendment would be futile, the Petition should be dismissed with

prejudice. *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1060 (9th Cir. 2018)

(leave to amend properly denied because the claim was time-barred and amendment

would have been futile).

Plaintiff does not dispute that the events alleged in his Petition all occurred

over two decades ago. The only argument that his claims are not all barred by the

applicable statutes of limitations—the longest of which would be four years[1] – is his

---

[1] There is a three-year statute of limitations for fraud, for claims of "trespass upon or injury to real property," or "for taking, detaining, or injuring goods or chattels, including an action for the specific recovery of personal property. Cal. Code Civ. Proc. § 338(b)-(d). There is a four-year limitation period for a claim of breach of written contract (two years for oral contracts) or for claims not specified elsewhere. *Id.* §§ 343, 337(a), 339.

unsupported and conclusory contention that he "did not discover these facts and could not, with reasonable investigative diligence, have found them three years before the action." Opp. ¶ 11.  The only subsequent event, however, that Plaintiff suggests revealed "these facts" to him was "a United States Court of Appeals case in the federal circuit on Oct. 1, 2010." *Id.*

This attempted tolling argument suffers from three fatal flaws.

First, the supposed "new" event that revealed to Plaintiff the facts alleged in the Petition (and, presumably, his Opposition) was an appeals court decision from 2010, which was more than a decade before Plaintiff filed the Petition in April 2023. All claims based on facts supposedly discovered by Plaintiff in 2010 *still* would be time-barred.

Second, Plaintiff fails to explain how the 2010 court decision revealed any previously concealed facts to him, much less facts relating to the allegations in his Petition.  That court decision, *In re Chippendales USA, Inc.*, 622 F. 3d 1346 (Fed. Cir. 2010), affirmed a decision of the Trademark Trial and Appeal Board ("TTAB") that affirmed a Trademark Office Examiner's 2007 refusal of an application to register a proposed "Cuffs & Collar" trademark because the trademark was not "inherently distinctive." *Id*. at 1349-50.[2]  The opinion addressed a pure issue of law—under a *de novo* standard of review. *Id.* at 1350.  Nowhere did it discuss any of the events alleged in the Petition, such as Mr. Somen Banerjee's role in the formation of Chippendales, his estate or supposed transfer of certain rights in the CHIPPENDALES mark to Irene Banerjee, her role in Easebe Enterprises, the subsequent transfer of rights to CLP, or the alleged acts of Helen Maryman, Irene

---

[2] The Federal Circuit in *In re Chippendales USA, Inc.* did not conclude that "'Defendants') don't own trademark" (Opp. ¶ 14), or that Chippendales' assertion of the "Cuffs & Collar" trademark is a "'fraudulent activity' of the registered trademarks according to the Court order from Federal Circuit." *Id.* ¶ 20. Chippendales successfully registered this same trademark on the basis of "acquired distinctiveness" in 2003.  *See* U.S. Registration No. 2,694,613, which remains valid today and has become incontestable even prior to the Federal Circuit's decision.

1   Banerjee or the other non-parties referenced in the Petition.  Indeed, the trademark
2   application for the "Cuffs & Collar" mark addressed in *In re Chippendales USA, Inc.*
3   – filed initially in November 2000 (*id*. at 1348) – is not the same as "the
4   Chippendales trademark" in the Petition, which was registered and transferred to CLP
5   before 2000.  Pet. at ¶ 18.  In short, Plaintiff is misguided in his reliance on the 2010
6   court decision to show that he "was not at fault for failing to discover [the cause of
7   action] or had no actual or presumptive knowledge of facts sufficient to put him on
8   inquiry," as required for tolling. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d
9   1049, 1055 (9th Cir. 2008).

10      Nothing about the 2010 *In re Chippendales USA, Inc.* decision changes the fact
11  that any potential cause of action based on the allegations in the Petition—or in the
12  Opposition for that matter—accrued more than four years before the Petition was
13  filed in 2023.[3]  All such claims would be time-barred, making futile any amendment
14  of the Petition.  *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1060 (9th Cir. 2018)
15  (where claim was time-barred, amendment would have been futile and leave to
16  amend was properly denied); *Platt Elec. Supply, Inc.*, 522 F.3d 1049, 1060 (9th Cir.
17  2008) (same). The Opposition makes clear that, even if Plaintiff filed an amended
18  petition, it would consist of only stale claims.

19      <u>Third</u>, Plaintiff fails to identify an applicable tolling doctrine.  Assuming that
20  he relies on fraudulent concealment as "an excuse for late discovery of the facts," he
21  does not meet the requirements. *Britton v. Girardi*, 235 Cal. App. 4th 721, 734

22  _____

23  [3] Plaintiff's own conduct before the USPTO reveals that he knew the alleged facts
24  more than four years before filing this action based on his 2016 USPTO filings
    attempting to change ownership of U.S. Registration No. 1,330,855 for the mark
25  CHIPPENDALES and being advised that issues of fraud and illegal ownership
    transfer must be addressed by a federal court or the Trademark Trial and Appeal
26  Board. *See* <u>Ex. A</u> (USPTO Petition Decision issued on December 15, 2016). He fails
27  to explain why he waited more than another *six years* from then to file the Petition.
    The Court may take judicial notice of USPTO Records. *Caiz v. Roberts*, 382 F. Supp.
28  3d 942, 947 (C.D. Cal. 2019).

(2015).  Plaintiff must plead the elements of fraud, which he has failed to do, and he must demonstrate that *Chippendales* was responsible for fraudulently concealing the critical facts from him.  *Id*.  Plaintiff fails to allege any fact that Chippendales supposedly hid from him.  And even if he tried to allege such a fact, "it is well established . . . that when a limitations period is tolled because of fraudulent concealment of facts, the tolling ceases when those facts are, or should have been, discovered by the plaintiff." *Credit Suisse Sec. (USA) LLC v. Simmons*, 566 U.S. 221, 227 (2012).  Plaintiff's own contentions about the *In re Chippendales USA, Inc.* decision suggest that he had actual notice or was on inquiry notice of the basis for his potential claims in 2010—13 years before he filed the Petition.  Even if Plaintiff had met the elements for a fraud claim, tolling would not save his claims.

Accordingly, Defendant respectfully requests that the Court grant this motion to dismiss the Petition with prejudice.

DATED:  July 21, 2023          Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By:*/s/Evan S. Nadel*
RITA WEEKS
EVAN S. NADEL
MARC A. LIEBERSTEIN

Attorneys for Defendant
CHIPPENDALES USA, LLC

1
2

*Jesse Banerjee v. Chippendales USA, LLC*
Case No. 2:23-cv-03676-PA (PDx)

3

**PROOF OF SERVICE**

4
5
6

I am over 18 years of age and not a party to the action.  I am a member of the California and New York bars and of the bar of this Court.  My business address is Kilpatrick Townsend & Stockton LLP, 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

7
8

I caused to be served the document titled: **DEFENDANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**   on the plaintiff Jesse Banerjee, who is not registered for the CM/ECF system, as follows:

9
10

☒  On July 21, 2023, by email to Mr. Banerjee at *info@stevebanerjee.com*; and

11
12

☒  By U.S. First Class Mail.  On July 21, 2023, a copy of the referenced document was placed in a sealed envelope, with postage prepaid, for collection and mailing with the U.S. Postal Service, addressed to:

13
14

**Jesse Banerjee**
**3573 3rd Street, Suite 206**
**Los Angeles, CA 90020**

15
16

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

17
18

Executed on July 21, 2023 in Los Angeles, California.

19

/s/ *DONNA BOSS*
Donna Boss

20
21
22
23
24
25
26
27
28

# EXHIBIT A



# United States Patent and Trademark Office

*Office of the Commissioner for Trademarks*

December 15, 2016

Jesse Banerjee
jxsse101@gmail.com

     Re: RN 1330855

Dear Mr. Banjaree:

This letter acknowledges receipt of your petition to the Director of the United States Patent and Trademark Office (Director) dated September 26, 2016 wherein you assert that an illegal ownership transfer has taken place in connection with U.S. Registration No. 1330855.

In this case, petitioner requests that the Director review a number of court pleadings attached to your petition in order to make a determination about the ownership of U.S. Registration No. 1330855. It is noted that you are not the owner of the above-referenced registration number. A review of the registration file indicates that the registration is in good standing and that the registration was renewed for a ten year period on March 28, 2015 after acceptance of the combined Trademark Act Section 8 affidavit or declaration of use or excusable nonuse and Section 9 renewal application (combined filing).[1]  15 U.S.C. §§1058, 1059.

The requested review is not a proper subject matter for a petition because issues such as fraud, an illegal ownership transfer, or possible trademark infringement comprise subject matter that is beyond the scope of authority of the trademark examination. (*See, for example, In re W.R.. Case & Sons Cutlery Co.*, 12 USPQ2d 1544 (TTAB 1989) (Simms, Member, dissenting.) Such issues are more appropriately addressed in an *inter partes* proceeding, in either federal court or before the Trademark Trial and Appeal Board, which directly involves the parties at issue. *See generally In re Am. Psychological Ass'n*, 39 USPQ2d 1467, 1468 n.1 (Comm'r Pats. 1996); *In re Direct Access Commc'ns* (M.C.G.) Inc., 30 USPQ2d 1393, 1393 (Comm'r Pats. 1993); *In re Hart,* 199 USPQ 585, 586 (Comm'r Pats. 1978); TBMP §1201.05. Because your petition relates to legal matters involving fraud and possible trademark infringement, the United States Patent and Trademark Office (USPTO) cannot provide you with advice as to a preferred course of action or your likelihood of success on a matter of trademark infringement and/or fraudulent ownership transfer.

---

[1] According to the petition, petitioner believes that it is the true owner of Registration No. 133055 and has been since 1997. However, a review of the record does not show an assignment of ownership in the Assignments Database establishing Jesse Banerjee as the owner, nor did petitioner file the required maintenance documents under Sections 8 and 9 of the Trademark Act. Instead, the Assignments database reflect Chippendales USA, LLC as the owner of the registration as of July 7, 2000. The record further illustrates that the combined filing recites Chippendales USA, LLC as the owner of the registration. Thus, the record fails to demonstrate that petitioner has asserted ownership during the prosecution and maintenance of the registration.

The USPTO is responsible for the registration process that provides federal protection for trademarks registered under the Trademark Act of 1946. *See* 15 U.S.C. §§1051 *et seq.* The USPTO does not enforce rights granted under the Act or obtained at common law. Likewise, issues of illegal ownership transfer are outside the purview of USPTO responsibilities and jurisdiction.

Because there are procedural, tactical, and financial considerations involved regarding your questions, you may wish to hire an attorney specializing in trademark or intellectual property law for a legal opinion. For attorney referral information, you may consult the American Bar Association's Consumers' Guide to Legal Help at http://www.abanet.org/legalservices/findlegalhelp/home.cfm or a local telephone directory. The USPTO cannot aid in the selection of an attorney. 37 C.F.R. §2.11.

Please feel free to contact the office if we can be of further assistance. Also, if you have any general questions regarding the federal registration process, you can visit the USPTO's website for trademarks at http://www.uspto.gov/trademarks/index.jsp. I hope this response addresses your concerns.

The petition is therefore DISMISSED. The petition fee will be refunded in due course. See TMEP §405.04.

Sincerely,

Emily Carlsen
Attorney Advisor
Office of the Deputy Commissioner for Trademarks
for Trademark Examination Policy
571-272-2235