Jesse Banerjee
3573 3rd Street, Suite 206
Los Angeles, CA 90020
*Plaintiff Pro se*

Evan S. Nadel (CA Bar No. 213230)
KILPATRICK TOWNSEND & STOCKTON LLP
*ENadel@kilpatricktownsend.com*
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone:   (415) 576-0200
Facsimile:   (415) 576-0300

Rita Weeks (CA Bar No. 232396)
*Rweeks@kilpatricktownsend.com*
Marc A. Lieberstein (admitted *pro hac vice*)
*MLieberstein@kilpatricktownsend.com*
KILPATRICK TOWNSEND & STOCKTON LLP
1114 Avenue of the Americas
New York, NY 10036
Telephone:   (212) 775-8700
Facsimile:   (212) 504-9566

*Attorneys for Defendant,
Chippendales USA, LLC*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE BANERJEE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CHIPPENDALES USA, LLC,<br><br>　　　　Defendant. | CASE NO.:  2:23-cv-03676-PA (PDx)<br>*Hon. Percy Anderson*<br><br>**JOINT RULE 26(F) SCHEDULING CONFERENCE REPORT**<br><br><u>SCHEDULING CONFERENCE</u><br>Date:　　August 14, 2023<br>Time:　　10:30 a.m. |

1    Pursuant to Federal Rules of Civil Procedure (FRCP) 26(f), FRCP 16(b)-(c),
2  Central District of California Local Rule 26-1, and this Court's May 17, 2023 Order
3  (ECF 13) and July 20, 2023 Order (ECF 33), counsel for defendant Chippendales
4  USA, LLC ("Chippendales") and plaintiff Jesse Banerjee met and conferred
5  telephonically on July 27, 2023.  Based on the discussions and communications that
6  took place between the parties, Chippendales and Mr. Banerjee jointly submit to the
7  Court this Scheduling Conference Report ("Report").

**1. Synopsis of Principal Issues in the Case**

**a. Plaintiff Mr. Jesse Banerjee's statement**

This is an action by the ("plaintiff") appearing as pro se at this time, seeking monetary, punitive, and compensatory damages for Fraud, negligence, Breach of Fiduciary Duty, Fraudulent Conveyance, Willful Deceptiveness, Unfair Competition, and Trademark Infringement in violation of the applicable federal law against the named ("defendants") filer of **CHIPPENDALES USA LLC**. Mr. Banerjee is the oldest son of Somen Banerjee, the inventor of the marks. Plaintiff has proof of ownership from USPTO and California Probate Court (on September 21, 2020, Letter of Administration). Mr. Banerjee's Petition contains sufficient factual evidence in each exhibit, not just allegations, establishing entitlement to relief within the Statutes of First Use in Commerce as the inventor's son. The Lanham Act contains no statute of limitations applicable to trademark infringement, unfair competition, or similar causes of an action brought under Section 43(a) of the Act, including false advertising and false association. The "Defendants" are infringing registered trademarks at USPTO, which are legally protected and registered in 1981, protected by the first use of interstate commerce basis (Under the Trademark Act Section 1(a). Chippendale USA LLC has no legal standing or merit per the US Court of Appeals Action from October 1, 2010.

(Indefinite Miscellaneous Statement to ALL (IP - Marks), Intellectual Property for Chippendales which Establishes Mr. Banerjee's ownership

1  administrator rights) From any all amended United States Patent and Trademark
2  Office registrations. Any/All filings must have Jesse Banerjee's name asserted
3  because he owns the mark as the probate court administrator/ heir/successor.  This is
4  valid basis of his claim.
5       All court-affirmed settlements are based on the (Letter of Administration)
6  from the Superior Court of the State of California Los Angeles County case
7  17STPB02593. And ALL listed parties are Bound to these joint reports and this
8  filing, and the settlement schedule filed on 06/16/23.
9       (USPTO) court of appeals for Chippendales USA LLC named as a party in
10 this action. Although a non-party, Caesars Entertainment the seller, and Buyer
11 Kevin Denburg, and Eric Birnbaum the landlord of the Rio Casino, with
12 Chippendale Theater attached are both interfacing and responsible for the SEC
13 Filings breach and survival $25 Million Liability clause in the filing.  And will be
14 added to this or a separate claim either in this action or probate court. Mr. Banerjee
15 reserves the right to add additional all non-parties or investors to this action.
16      And Monthly or Annual Accounting Statements from the (Chippendales
17 Theaters) from the Rio-Casino Returns. This includes the punitive interest rate
18 decided by (ADR)Alternative Dispute resolution or the Probate or Federal court.
19 And maximum recovery of punitive damages.
20             **b.   Defendant Chippendales USA, Inc.'s statement**
21      Chippendales owns the world-famous CHIPPENDALES male performance
22 troupe business and the associated CHIPPENDALES trademarks.  Chippendales
23 acquired the CHIPPENDALES business and CHIPPENDALES trademarks over 20
24 years ago as a bona fide purchaser for value.  Since it acquired the business in 2000,
25 Chippendales has been the sole and exclusive user of the mark CHIPPENDALES and
26 CHIPPENDALES-formative marks in the United States, and therefore has
27 established nationwide common law rights in the marks through its continuous and
28 exclusive use of the marks from 2000 through present.

1    This matter began in a Los Angeles Superior Court probate proceeding, Mr. Banerjee filed a petition against Chippendales pursuant to Cal. Probate Code §§ 850(a)(3)(B) and 859, alleging that when Chippendales purchased the CHIPPENDALES trademark in 2000 it was a "fraudulent purchase" (the "Petition"). The Petition requests a court order: (a) "upholding the decision of the USPTO holding that the sale of the CHIPPENDALES trademark was fraudulent"; (b) finding that the CHIPPENDALES trademark currently owned by Chippendales is part of the estate of Mr. Somen Banerjee (whom Plaintiff contends was his father); (c) transferring the CHIPPENDALES trademark owned by Chippendales to Somen Banerjee's estate, which is administered by Plaintiff; and (d) restraining Chippendales from using the CHIPPENDALES trademark.  In addition, Mr. Banerjee's Petition seeks a monetary penalty against Chippendales of "twice the value of the property recovered" for an unrelated, third-party's alleged bad faith misappropriation of property from Somen Banerjee's estate.

Because the Petition is adversarial in nature, it is a "civil action" properly removable within the meaning of 28 U.S.C. § 1441(b).  On May 12, 2023, Chippendales removed Mr. Banerjee's Petition to this Court based upon diversity of citizenship.

Although it is difficult to determine what, if any, legal claims Plaintiff's Petition intends to state, Chippendales believes the principal issues in this case include, without limitation, the following:

- Identification of what particular cause(s) of action Mr. Banerjee is asserting against Chippendales in his Petition;
- Whether the Mr. Banerjee has standing to claim any cause of action stated in the Petition or otherwise asserted in this action;
- Whether Mr. Banerjee's Petition contains sufficient factual allegations to establish an entitlement to relief within any cognizable legal theory;

- Whether some or all of Mr. Banerjee's claims are barred by the applicable statutes of limitations;
- Whether any of the issues raised in the Petition concerning Mr. Banerjee's status as the son of Somen Banerjee and/or the transfer of certain of Somen Banerjee's assets to his wife has any relevance to Defendant's ownership of all CHIPPENDALES marks today;
- Whether Mr. Banerjee is an "omitted child" within the meaning of California Probate Code Sections 21620-20622; and
- If Mr. Banerjee has any valid, timely claims, and prevails on the merits, whether a plaintiff may recover from a defendant a monetary penalty of "twice the value of the property recovered" pursuant to California Probate Code section 859 based on alleged wrongful taking, concealment, or disposal of estate property by an unrelated third-party.

**2. Additional Parties and Potential Amendments to Pleadings**

**a. Plaintiff Mr. Jesse Banerjee's statement**

According to the court direction, Plaintiff reserves the right to file a motion to add new parties directly associated with this claim, including HULU, RIO, Dreamscape, KEVING DENBERG, Eric Birnbaum Et Al, FACEBOOK, YAHOO, DISNEY, DREAMSCAPE Entities. CHIPPENDALE THEATER At the RIO Et Al.

**b. Chippendales' statement**

Chippendales does not presently intend to file any motion to add new parties, but reserves the right to do so in accordance with the schedule set by the Court should new information come to light.

Chippendales notes that a related action is pending before this Court, *Chippendales USA LLC v. Banerjee*, Case No. 23-cv-03672-PA-PD, in which Chippendales alleges claims for trademark infringement against Jesse Banerjee. As

the cases develop, Chippendales may request coordination of discovery between the two actions or consolidation.

### 3. Issues that May Be Determined by Motion

#### a. Plaintiff Mr. Jesse Banerjee's statement

SETTLEMENT ON INFRINGEMENTS, LICENSING, AND IMMUNITY ON FUTURE CLAIMS AGAINST JESSE BANERJEE FAMILY ( SON, WIFE, ETC) AND DAMAGES  (Not an argument about those issues, just a list identifying the issues.) FRAUDULENT CONVEYANCE OF THE INTELLECTUAL PROPERTY IS STILL ON THE TABLE, DUE TO THIS CASE WAS ALREADY RULED UPON IN STATE COURT ON 09/20/20, WHICH GRANTED my ATTORNEY Dilair Nafoosi (A LETTER OF ADMINISTRATION) THAT YOUR OPPOSING COUNSEL IS IGNORING FILED WITH OPERAIVE COMPLAINT ON APRIL 3, 2023.

#### b. Chippendales' statement

Chippendales' motion to dismiss the Petition is currently pending, fully briefed and set for hearing on August 7, 2023.

### 4. Initial Disclosures

The parties agree to file initial disclosures 14 days after the Scheduling Conference, *i.e.* by August 28, 2023.

Chippendales does not believe that any changes should be made to the form or requirements related to initial disclosures under Fed. R. Civ. Proc. 26(a).

### 5. Discovery

#### a. Plaintiff Mr. Jesse Banerjee's statement

EVIDENCE OF THE CLAIM, ACTUAL COURT DOCUMENTATION, 13 YEAR OF EMAILS, WITNESSES, RETAINED EXPERTS, LITIGATION PREFER RESOLVING PROPOSED SETTLEMENT AND OR ALTERNATIVE DISPUTE RESOLUTION (ADR) THIS CASE WAS ALREADY LITIGATED IN PROBATE COURT  ON 09-21-20.

### b. Chippendales' statement

Chippendales believes the Petition does not state a cognizable cause of action and should be dismissed. But, based on the allegations in the current Petition, discovery would appear necessary on at least the following subjects if this action advances beyond the pleadings:

- Trademark assignments of the CHIPPENDALES trademarks;
- USPTO records of, and documents within the prosecution history files of, the CHIPPENDALES trademarks; and
- Use in commerce of the CHIPPENDALES trademarks since 2000 by the Estate of Somen Banerjee and by Defendant.

Chippendales anticipates utilizing the following methods of discovery: (1) written discovery requests to Plaintiff in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents and Things; (b) subpoenas to third parties for the production of documents; and (c) depositions of Plaintiff and other relevant witnesses.

### 6. Evidence Preservation

#### a. Plaintiff Mr. Jesse Banerjee's statement

Plaintiff has taken steps to save all potentially relevant documents, emails, and other evidence for this case.

#### b. Chippendales' statement

Chippendales has implemented a litigation hold and taken reasonable measures to preserve potentially relevant information.

### 7. Proposed Discovery Plan

The parties agree to the discovery and case schedule, set forth in the table below:

| Event | Date / Deadline |
|---|---|
| Initial Disclosures Due | Within 14 days of the Scheduling Conference. |

| | |
|---|---|
| Final day to Amend Pleadings / Add Parties | September 8, 2023 |
| Fact Discovery Cut-Off | September 22, 2023 |
| Early Mediation | September 25, 2023 |
| Initial Expert Disclosure / Reports Due | September 29, 2023 |
| Rebuttal Expert Disclosure / Reports Due | October 13, 2023 |
| Expert Discovery Cut-Off | October 27, 2023 |
| Final day to file Dispositive Pre-Trial Motions | November 10, 2023 |
| Settlement Conference Deadline | November 15, 2023 |
| Pretrial Disclosures Deadline | January 8, 2024 |
| Deadline to file Motions in Limine | January 12, 2024 |
| Deadline to file Responses to Motions in Limine | January 19, 2024 |
| Final Pretrial Conference | January 22, 2024 |
| Trial (Estimated Length 2 - 3 days) | January 30, 2024 |

## 8. Damages

### a. Plaintiff Mr. Jesse Banerjee's statement

LAST 13 Years for illegal Licensing of the Marks and or SINCE THE 09/20/20 STATE RULING MINIMUM of $25 Million in Damages AND OR BEST OFFER in (ADR) Alternative Dispute resolution PER THE RIO SEC Filings.

### b. Chippendales's statement

Mr. Banerjee is not entitled to damages or any other relief in this action. Plaintiff lacks any valid legal basis to seek the transfer of the "CHIPPENDALES trademark" owned by Chippendales to Somen Banerjee's estate or a monetary penalty against Chippendales of "twice the value of the property recovered" due to non-party Helen Maryman's alleged bad faith misappropriation of property from Somen Banerjee's estate.

**9. Insurance**

    **a.  Plaintiff Mr. Jesse Banerjee's statement**

**(Survival and Benefit)**

17.2   there is   **Survival and Benefit**.

17.2.1   All agreements, indemnifications, and obligations of the parties which are intended to be performed in whole or in part after Closing shall survive Closing and the same shall inure to the benefit of, and be binding upon, the respective successors and permitted assigns of the parties. Notwithstanding the foregoing, except as otherwise expressly set forth elsewhere in this Contract, all of the representations and warranties of Buyer and Seller outlined in this Contract shall survive the Closing Date for twelve (12) months only; <u>provided</u>, Seller shall not have any liability or obligation concerning any representation or warranty contained herein unless on or before a date which is not later than twelve (12) months following the Closing Date Buyer shall have notified Seller in writing setting forth specifically the representation or warranty allegedly breached, and a description of the alleged breach in reasonable detail. Notwithstanding anything herein to the contrary, in no event shall such liability of Seller for the breach of its representations and warranties outlined in this Contract (a) accrue until the aggregate amount of damages incurred by Buyer exceeds One Million Five Hundred Thousand and No/100 Dollars ($1,500,000) (the "<u>Deductible</u>"), in which case Seller only shall be liable for damages over the Deductible, or (b) exceed, in the aggregate, the sum of Twenty-Five Million and No/100 Dollars ($25,000,000.00). All liabilities and obligations of Seller under any representation or warranty made by Seller under this Contract shall lapse and be of no further force or effect concerning any matters not contained in a written notice delivered as contemplated above on or before twelve (12) months following the Closing Date.

    Professional Liability Insurance business policy ( BOP) and liability policy if

1   it, Whatever Actual losses CHIPPENDALES USA LLC has on file. Responding to

2   all these Discovery in pattern litigation can be costly both financially and in terms of

3   revealing historically damaging prior past and court rulings documentation for Both

4   parties. Because all the preponderance of Evidence is in the court database/public

5   record. THE CASIO HAS IN SEC FILINGS A LOSS OF INCOME SEC BACKED

6   BY INSURANCE

   **b. Chippendales' statement**

8   Chippendales is unaware of any insurance agreement applicable to this action.

   **10. Settlement and ADR**

   **a. Plaintiff Mr. Jesse Banerjee's statement**

11   ( ADR) Alternative Dispute Resolution pay for the attorney's and

12   Compensatory, Monetary, Statutory, damages or the Fraudulent Activity –

13   Infringements for Last 3 years and Tortious Conduct of the

   **b. Chippendales' statement**

15   Chippendales believes that Settlement Procedure Number 2 under Local Rule

16   16-15.4 is appropriate in this case.

   **11. Trial**

18   The parties estimate a trial length of 2-3 court days. Chippendales included a

19   demand for jury trial in its Notice of Removal of Action filed on May 12, 2023 (*see*

20   ECF 1).

   **12. Complexity of Case**

22   The parties agree that the matter is not complex such that any portion of the

23   Manual for Complex Litigation should be utilized in managing the matter.

   **13. Severance, Bifurcation, or Other Ordering of Proof**

   **a. Plaintiff Mr. Jesse Banerjee's statement**

26   This case will require multiple Depositions by Oral Examinations, From Mr.

27   Kevin Denberg, Jerome Denberg, And his associations deals and associates ( non-

28   party's) who have been stealing from my late father's Estate since 1994 when he

JOINT RULE 26(F) SCHEDULING CONFERENCE REPORT                                    - 9 -
CASE NO.:  2:23-CV-03676 PA (PDx)

1  passed and Divorced my stepmother before he died. ( All of this was Proven on the
2  record in Probate court – According to attorney notes from the case in question
3  mentioned in recent filings back June 2023 from Rita Weeks)

      **b. Chippendales' statement**

Chippendales does not propose severance, bifurcation, or other ordering of proof at this time.

**14. Issues Relating to Claims of Privilege or Trial Preparation Material**

      **a. Plaintiff Mr. Jesse Banerjee's statement**

Plaintiff agrees that if, during discovery, one side mistakenly sends the other a document protected by attorney-client privilege, the receiving person will delete, destroy, or return that document.

      **b. Chippendales' statement**

Chippendales proposes that the parties enter into a stipulated protective order with a provision regarding the effect of inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection under Federal Rule of Evidence 502(d).

**15. Other Issues**

      **a.   Plaintiff Mr. Jesse Banerjee's statement**

My Attorney is Licensed Maryland Attorney, still working with California attorney to get his Pro Hac Vice approved. From an outside firm.

      **b. Chippendales' statement**

Chippendales notes that Plaintiff is appearing *pro se* in this case.  No attorney has made an appearance on his behalf or filed an application to appear *pro hac vice*.

```
 1  DATED: July 31, 2023        Respectfully submitted,
 2
 3                              By: _____
 4                                  JESSE BANERJEE
                                    *Plaintiff, pro se*
 5
 6  DATED: July 31, 2023        Respectfully submitted,
 7                              KILPATRICK TOWNSEND & STOCKTON LLP
                                    /s/ Evan S. Nadel
 8                              _____
                                RITA WEEKS
 9                              EVAN S. NADEL
                                MARC A. LIEBERSTEIN
10                              H. FORREST FLEMMING
11                              Attorneys for Defendant
                                CHIPPENDALES USA, LLC
```

*Jesse Banerjee v. Chippendales USA, LLC*
Case No. 2:23-cv-03676-PA (PDx)

# **PROOF OF SERVICE**

I am over 18 years of age and not a party to the action. My business address is Kilpatrick Townsend & Stockton LLP, 1801 Century Park East, Suite 2300, Los Angeles, CA 90067.

I caused to be served the document titled: **JOINT RULE 26(F) SCHEDULING CONFERENCE REPORT** on the plaintiff Jesse Banerjee, who is not registered for the CM/ECF system, as follows:

☒ On July 31, 2023, by email to Mr. Banerjee at *info@stevebanerjee.com*; and

☒ By U.S. First Class Mail. On July 31, 2023, a copy of the referenced document was placed in a sealed envelope, with postage prepaid, for collection and mailing with the U.S. Postal Service, addressed to:

**Jesse Banerjee**
**3573 3rd Street, Suite 206**
**Los Angeles, CA 90020**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 31, 2023 in Los Angeles, California.

*/s/ Donna Boss*
Donna Boss