

1  JESSE BANERJEE (PRO-SE)
   3573 3rd STREET SUITE 206
2  LOS ANGELES, CA 90020
   Tel:(310)923-8788
3  Email: investigation@stevebanerjee.com

4

5                    **UNITED STATES DISTRICT COURT**

6                    **CENTRAL DISTRICT OF CALIFORNIA**

7  JESSE BANERJEE,                          Case No.: CV23-3676 PA

8              Plaintiff,

9  vs.                                      DEMAND FOR JURY TRIAL
                                             TRADEMARK INFRINGEMENT COMPLAINT
10 CHIPPENDALES USA LLC, DREAMSCAPE, KEVIN   1. VIOLATION OF THE CLAYTON ACT
   DENBERG, DREAMSCAPE ENTERTAINMENT         2. LANHAM ACT 15  U.S.C. SECTION43 (A)
11 VENTURES, TOM ELLIS, HULU, ET AL, WALT    3. UNFAIR COMPETITION15 U.S.C.§1125
   DISNEY ET AL                              4. LANHAM ACTION 14 (3)
12
              Defendant
13

14                           **COMPLAINT**

15          ("Plaintiff") owner of CHIPPENDALES threw his Letter Administration received on September

16  20, 2020. Through its attorneys Mr. Dilair Nafoosi of Lion Heart Legal LLP, For its Complaint against

17  ("Defendants") the current CHIPPENDALES USA LLC, DREAMSCAPE, KEVING DENBURG, and HULU Et

18  AL and Walt Disney Et Al and Tom Ellis Estate.

19                         **SUMMARY OF ACTION**

20  1.   This is an action for trademark cyberpiracy, trademark infringment, trademark dilution, and unfair

21       competition. ("Plaintiff") is the Administrator and owner of the registered trademarks in the Chippendes

22       mark, which is used in connection with a variety of goods and services that involves Las Vegas-style

23       theatrical entertainment featuring male dancing designed for female audiences.

24  2.   ("Plaintiffs") Late Father Somen Banerjee Father owned and invented incontestable marks and the

25       business as described below, Plaintiff, father started the Chippendales mark at least as early as 1978 and,

26       in the course of such continuous and exclusive use, the mark has become famous. ("Plaintiff") has been in

27       Probate court since 2020, on trial proving this case to the parties who enriched themselves illegally and

28       continue to willfully deprive the ("plaintiff") of his legal rightful share of the income and perks from his

father's 1978 business. For many years this has been an issue. Because the "Denburgs" and the other

individuals named in this lawsuit inadvertently collected fraudulently from Chippendales.com websites

with a domain name registry and are using that domain name in connection with Internet adult

entertainment business. Obstructing the ("plaintiff") from collecting from his inheritance. The

("defendants") actions have damaged and unless enjoined, will continue to damage the legacy and tarnish

("Plaintiff")) family name. Any creation creates confusion in the marketplace and continues to destroy the

first right in commerce of the Federal Trademark laws.This includes Section 14 (3) of the Lanham

Act.("Plaintiff") believes that he is being damaged by the false registrations of his father's marks without

his name or company registered with the marks.  And under Statues 43 (a) Defendants using Chippendales

in the commerce in combination thereof, and false designation or origin. False and misleading this court,

while agreed in ("Joint Report") to cease such unprofessional actions violating the Lanham Act.

3.   Plaintiff is seeking monetary, punitive, and compensatory damages for fraud, negligence, Breach of

Fiduciary Duty, Fraudulent Conveyance, Willful Deceptiveness, Unfair Competition, Trademark

Infringement, False Association, Breach of contract, Obstruction of Justice, (SEC) Securities mis – The

conduct, attempting to prevent/prohibit plaintiff from his rightful collective share of his father's estate. On

September 21, 2020, the California Probate Superior Court ruled from a (Letter of Administration) of

Chippendales assets.  The defendants made a statement on 06/16/23 admitting to their "Fraudulent

Trademark Purchase" in or around 2000 ("the petition") proven threw a long lengthy Los Angeles

Superior Court probate proceeding. Plaintiff shows cause from (USPTO) order from the Federal Circuit

that Defendants CHIPPENDALES USA LLC would create an infringement in the future in that order

from the United States Court of Appeals for the Federal Circuit (Serial No. 78/666,598) October 1, 2010.

Since this federal proceeding violated the Lanham Act, is protected by the Statute of Limitations. This is

part of the elaborate operation of the Defendants. Meets the timelessness of this argument, Because of the

USPTO ruling from CHRISTINA J. HIEBER and RAYMON T. CHEN and circuit Judges DYK

FRIEDMAN and MOORE. Back in November of 2000, the Defendants applied to register

CHIPPENDALES USA LLC, 2003 the Examining attorney concluded that Defendant's Application was

only allowed minimal protection, distinctive the PTO Bars applicants/defendants in this case from re-

registering the same mark for the same goods and services. Because the ("Plaintiff") Father Somen

Banerjee Invented CHIPPENDLAES Mark was already registered in or around1983. On September 5, 2007, the examining attorney issued her final Office Action refusing to register the mark was not inherently distinctive, the Board Affirmed. The validity of the mark, as well as its registration, ownership, and the exclusive right of the owner to use the mark in commerce 15 U.S.C. § 1115(b). The court noted that" [t]he attribution of inherent distinctiveness to certain categories of word marks and product packaging derives from the fact that the very purpose of attaching a particular word to a product or encasing it in distinctive packaging, is most often to identify the source of theproduct." So for the defendants to continue to make false associations, assertions, and statements and misappropriation of Somen Banerjee's Estate and intellectually registered property is to adversely affect the original Chippendale protected mark, itself.False statements, False arguments, are actionable under this court's federal jurisdiction.which is a violation of the applicable federal, state, and local law against the named defendants, who bought a fraudulent mark, and is considered a white-collar crime.The Chippendales trademark is currently under the ownership of the Somen Banjeree Estate and Jesse Banerjee threw an official assignment.

## JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over the claims in this action according to the provisions of the Lanham Act, 15 U.S.C. §§ 1021-1141n (2012), the Federal Copyright Act, 17 U.S.C. §§ 101-1511, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331 (a) (1) and (c). This Court has jurisdiction over all claims in this action that arise under the laws of the State of California under 28 U.S.C. § 1367(a) because State law claims are related to state and federal claims that form part of the same case and controversy.And form part of the same case   And derive from a common nucleus of operative opposition motion not to dismiss docket 28.

2.     The venue is proper in this Court under 28 U.S.C. § 1391, and this Court may properly exercise. Personally. Jurisdiction over ("Respondents"), since Each Person directly targets business activities toward consumers in the United States, including California, through its operation or assistance in the process of the fully interactive, commercial Internet clubs/bars operating under the ("Defendants") domain names and the ("tickets sale") Internet Stores are identified in Exhibit 3 of the opposition and motion to dismiss. Specifically, each of the Respondents directly reaches out to do business with California residents by operating or assisting in the operation of one or more Commercial, interactive e-commerce stores that License trademarks using counterfeit versions of

1   "(Petitioner") federally registered trademarks Directly to California consumers. In short, each ("Respondent")

2   committed tortious acts. In benefiting commercially, California is engaging in interstate commerce. It has

3   wrongfully caused confusing issues and substantial irreparable mental injuries and physical harm and damage to

4   reputation and his immediate family name in the jurisdiction of California during the last year and a half.

5       3.    The ("Petitioner") Operative complaint alleges this matter under probate Code sections 850

6   (a)(3)(B) and 859 because the assets at issue belong to the estate of Somen Banerjee, as same forms part of the

7   estate of Late Somen Banerjee. This case was already Litigated and alleges the venue is properly in Los Angeles

8   County Probate Code 17005 because the ("Plaintiff") resides in Los Angeles County. The principal place of the

9   Estate administration is in Los Angels County, within the judicial district.

10                                               **PARTIES**

11       1.    ("Plaintiff") JESEE BANERJEE controls the assets and  ESTATE of SOMEN BANERJEE

12   Awarded Lettler of Administration on September 21, 2020. ("Defendants") Who Alleges they own

13   CHIPPENDALES USA LLC. KEVIN DENBERG CEO of CHIPPENDALES USA LLC (Evan Nadel) a new

14   employee Class action attorney of KILPATRICK, TOWNSEND & STOCKTON LLP two Embarcadero Center

15   Suite#1900 San Francisco 94111, TOM ELLIS is responsible for registering as Trustee located at 7th Avenue 27th

16   Floor New York New York 10019. Part Beneficial Owner Dreamscape Entertainment Properties.  ERIC

17   BINBUAM is the new owner of RIO Casino 117,330 Square Feet opened on January 15, 1990. Sold several times

18   from 1990-2023. Located at 3700 West Flamingo Road, Las Vegas, NV 89103. Mr. Eric Birnbaum recently bought

19   the $570 million US dollars Financier of the RIO Casino and buyer of the Chippendale Theater inside the Rio

20   Casino in Las Vegas. HULU is an American subscription streaming service part-owned by the Walt Disney

21   Company (33%) and Comcast NBC Universal owns (33%) although Disney has majority ownership. HULU

22   Falsely advertises a fictitious story on their platforms licensed to multiple parties for profit sharing with several

23   parties including Walt Disney Television General Entertainment Content. NBC Universal is Licensing the Release

24   of the known **"Welcome to Chippendales – Rise and Fall of a famed million-dollar strip club and the Crimes**

25   **released on November 22, 2022"** per the people.com website of many sites including Time magazine and all the

26   platforms. HTML threads are interconnected to mobile devices and the viewer's content. websites.

27

28

DEMAND FOR JURY TRIAL  TRADEMARK INFRINGEMENT COMPLAINT 1. VIOLATION OF THE
CLAYTON ACT - 4

**(See HULU Infringement Chart Below)**



**Plaintiff's Chippendales Mark and Chippendales.com Domain Name**

Plaintiff was excluded from all of the SEC filings of the Blue Sky for the Securities and Exchange Act of 1934; The "Defendants" have racketeered using their influence and Corrput filings at the USPTOoffice and violates the Corrupt Organizations Act 18 U.S.C.Plaintiff hasthe letter of Administration from Superior CaliforniaProbate litigation in 2020.Which is consistent with his ownership rights to the Estate of Somen Banerjee. Which is connected to the corporation and business interests of Easebe Enterprises and Chippendalesassets, marks, and licenses, including the domain name as the successor of the Estate.Chippendales Encompasses the 1978 business model, of its inventor Somen Banerjee. With elaborate stage performances with professionally choreographedRoutines, million-dollar stage production values, and a sound and lighting cast of maledancers, singers, and performers. This production was featured "On Youtube" and cable television and entertainmentmade appearanceson programs including Entertainment Tonight,"Joan Rivers" "Headline News" New York Broadway shows"Jerry Springer" also"NBC' "ABC" and "CBS" networks illegally licensed by All of the "Defendants".

## STATEMENT OF FACTS

1.     On July 3, 2023, at 1:30 Pacific Time, the Opposing Counsel's held a Tele- teleconference. Per the Federal Rules of Civil Procedure 26(F), During the teleconference both Parties; consider the nature of the basis of their claims and defenses. The Conference held that Evan Nadel's ("Defendants") counsel explained a few minor

1  points. Concerning the nature of the proceeding. This Motion to Amend the ("Plaintiff") is at this moment

2  Amended. The complaint alleges as follows. The purpose of the call was to complete a court-mandated

3  teleconference on the ("Defendants") View of the motion to dismiss the petition in this matter. ("Defendants")

4  explained the grounds for the motion. Although the California Criminal Statute of Limitations sets limits on Fraud

5  and embezzlement of the ("Chippendales funds") as the Facts, in this case, are highlighted, with attachments to

6  support them. From the Asset Purchase Agreements to ticket sales of royalty income derived/embezzled from this

7  business practices of the ("Defendants") Actions "fraudulent activity" from Helen Maryman the sister of the late

8  Irene Banerjee

9          2.          Somen Banerjee Divorced Irene  Banerjee on August 17, 1994,before his untimely death.

10  Submitted Exhibit 9 of the OPPOSITION MOTION NOT TO DISMISS[Docket 28].

11          3.          This took place and was litigated in the Probate court, to which end Helen Maryman'snon-party

12  was called for a hearing and the Court states the tentative ruling and argument and testimony is heard. The fact that

13  Helen is not the custodian of the record is not a defect under this section. Plaintiff Demonstrated good cause for the

14  production of four reasonably particularized categories of documents. Helen Maryman's argumentsfailed as a

15  matter of law, Helen Maryman's motions were all denied. The "Defendants" have some form of counterfeit

16  Fraudulent business as admitted on June 16, 2023, Joint Report filing from Rita Weeks.

17          4.          ("Defendant") in this case, filed the joint Report in the court on 6/16/2023 (Docket#25) discusses

18  on Page 7 the ("filing") that Helen Maryman, a non-party, and the fraud of misappropriation of the property of late

19  Somen Banerjee's estate.  (Plaintiff) father, according to birth records.   ("CHIPPENDALES") is now a world-

20  famous male performance troupe registered ("USPTO") United States Patent Trademark Office headquarters in

21  Alexandria, Virginia) trademarks in the registration system of record. ("Plaintiff") is the son of the late Somen

22  Banerjee, Founder of ("CHIPPENDALES.") This lawsuit first started in Los Angeles Superior Court Probate

23  proceedings 2 years ago "(Administration Letter" Exhibit letter dated September 21, 2020. Probate Code §§850 (a)

24  (3)(B) and 859, ("Plaintiff") Mr. Jeese Banerjee advised that he was looking for counsel to represent him. Alleges

25  Chippendales, in or around 2000 was "Fraudulently purchased" The ("Plaintiff") Re- alleges in this ain in this

26  complaint. The ("Plaintiff") Re-Alleges because of the "Fraud activity," his argument shouldn't be time-barred on

27  raised issues set before this court, only because of the level of fraud involved. (See all exhibits in the operative

28  complaint) Which is part of the court record.

DEMAND FOR JURY TRIAL  TRADEMARK INFRINGEMENT COMPLAINT 1. VIOLATION OF THE
CLAYTON ACT - 6

5.      As of now the Current Successor- in- interest (Mr. Jesse Banerjee) is part owner of registered trademarks in the Chippendales mark. Plaintiff through its father the inventor of the marks, first used the Chippendale mark in 1978 and appliedfor registration of the Chippendales mark with the United States Patent and Trademark Office(hereinafter "USPTO") on April 13, 1981, for Entertainment services including discotheques and make exotic dancers exhibitions, and received US Registration No. 1,197,438 on June 8, 1982. A Letter and Certificate of registration are attached hereto as Exhibit B. Easebe Enterprises Inc.(California corporation).

## DEFENDANTS' UNLAWFUL ACTIONS/COGNIZABLE CAUSE OF ACTION

1.      First prong "Defendants" bought a fraudulent mark from Helen Maryman'ssister of IreneBanerjee. Under False Associationpretenses. This was proven in the probate court back in 2020.Second prong "Defendants" capitalized off the CLP, Late Irene Banerjee, and Platinff Father Somen Banerjee using Helen Maryman who hasno authority to authorize anything. Third prong The Defendants later registered the Chippendales.com domain name with Network Solutions("NSI") the then Authoritative Internet domain name registry, on November 15, 1996.A copy of this registration is attached as Exhibit E. CLPToursandthe late Lou Pearlman conspired with"Defendants". The Marks are all now Famous in 2023. This has manifested into a conflict of parties infringing and violating the Laham ActUnder 42(a) of the statute which goes beyond the trademark protection and establishes causes of action, False Advertising, and False Association, which the defendants demonstrated in their assertions and, improper activities of use of CHIPPENDALE USA LLC.And the mark itself. Section 43(a) creates a federal good cause for what has traditionally been called unfair competition; Using a CHIPPENDALES mark from a false designation of ownership to the origin of other misleading Publicly traded company used in connection withthe sale of good or service or misleading information and advertising of the merits of the Plaintiff rights in this case. Plaintiff would have prudential standing from the "Defendants" to be any person who believes he or she is or is likely to be damaged by such act from the "Defendants" ignoring a simple (USPTO) court of appeals dated October 1, 2010, and or a letter of direction and administration from the State Court dated September 21, 2020, both judicial doctrinein nature. The "Plaintiff" signed a Joint Report to these issues on July 31, 2023, in an attempt to settle these claims.And remedy the anit- competitive efforts of the ("Defendants") that represent Ken Denburg. And HULU Corporation see Exhibit H Cease and Decist. Plaintiffs reserve the rights to file against other parties that are currently appropriated under the Clayton Act which both statutes seek to remedy the anticompetitive effects of commercial cheating. The Plaintiff out of his inheritance.The Clayton Act has a

1   four-year statute of limitations under 15 U.S.C. § 12-27 against all("Defendants")and their SEC filing. This is the

2   legal basis for commencing this private suit. Not just for the infringements but for alsoa violation of antitrust laws

3   and their fairly traceable alleged conduct. The State Court Actionawarded does have merit because it was a trial

4   held. Any Sale or transaction was held as a fraudulent admission from Rita Weeks and her corporate disclosure –

5   [Docket 4]filing, proven in probate court [ Docket 2]. CHIPPENDALES is a publicly traded company now

6   located in Delaware as a limited liability company.  And the Plaintiff would be entitled to his Father's rightful

7   share, because under the corporate bylaws of the state of Delaware.Under the recent Delaware Supreme Court

8   ruling involving disputes and Fiduciary claims, Plaintiff can be allowed to recover its legalfees Shifting by law.

9   Which is permissiblein thiscourt.

10   2.      https://www.mondaq.com/unitedstates/corporate-governance/315294/delaware-supreme-court-finds-fee-

11   shifting-bylaw-permissibleAll Stockholders are unilaterally bound by the bylaws and ruling of Delaware Supreme

12   Court.

13   3.   The ("Plaintiff"), seeks a final judgment: (a) permanently enjoining ("Defendants") and or a third party)  from

14   committing further interruptions and violations of the federal laws they have violated; (b) ordering

15   ("Defendants") to disgorge their ill-gotten gains with prejudgment interest; (c) permanently enjoining

16   ("Defendants") and any entity controlled by them from, directly or indirectly, using the means or

17   instrumentalities of interstate commerce to: (i) participate in the issuance, Purchase, Settlement Licensing offer,

18   or sale of any security, including any  asset security, in any unregistered transaction; (ii) act as an unregistered

19   exchange with respect to any securities, including all  asset securities; (iii) act as an unregistered broker or dealer

20   with respect to any securities, including any RIO casino asset securities; and (iv) act as an unregistered clearing

21   agency with respect to any securities, including any asset securities; (d) imposing civil monetary penalties on

22   ("Defendants"); (e) ordering annually equitable relief  Which  now exceeds $75,000,000 in Damages and Lost

23   profits of Casino income, and mental health anguish injury's, that is deemed appropriate for the last 3 years

24   under the lanham act; and last 4 years under the clayton act and or should be discussed in the [Docket 35]. The

25   Attached Exhibit A Defendants 1983 Trademark Expired 20 years ago andso have all the rest. A Letter of Protest

26   was filed with USPTO in this matter.

27                              **Alternative Dispute Resolution**

28

1.   Filed on July 31, 2023, in a (JOINT REPORT) The Plaintiff would invite the court to retain

jurisdiction to enforce the Joint Report settlement which is filed on July 31, 2023. Plaintiff seeks

toextend that the court issue an order mandating compliance with a settlement agreement before the

November 14, 2023 Settlement. Which is listed on the Joint Report Schedule filed by both the

Plaintiff and signed by the (defendants)on July 31, 2023.

2.   That Defendants be required to pay the plaintiff an amount equal to treble the amount of all damages

incurred by Plaintiff as a result of the Defendant's intentional infringement  and unfair competition;

3.   That Defendants be directed to pay to Plaintiff its reasonable costs and attorneys fees incurred in

connection with this action due to the defendant's willful infringements and dilution of plaintiff trademarks

inherited threw his probate court ruling.

4.   That Defendants be required, under Section 26 of Laham Act 15 U.S.C. § 1118, to deliver up to

this Court or the plaintiff authorized agents, all advertising and licensing agreements made including the

promotional materials, source codes, computer backups, labels cartons, brochures, business stationery, calling cards,

information sheets, posters, signs,and other means for producing the same which bear any licensing of the marks

and or designations confusingly similar to Plaintiff non – expired uncontestable Trademarks.

5.   That Defendants be directed to file with this court and serve upon the Plaintiff, within fifteen (15)

days after entry of an order granting injunctive relief, a report, in writing and under oath, setting forth in detail the

manner and form in which Defendant has complied with the Joint Report in this case. As of Today August 4, 2023

(Plaintiff) has a Letter from USPTO that CHIPPENDALE USA mark was assigned back to him. See EXHIBIT F.

Dated this4$^{th}$dayofAugust 2023.

_____

Pro Se Filing

DEMAND FOR JURY TRIAL  TRADEMARK INFRINGEMENT COMPLAINT 1. VIOLATION OF THE
CLAYTON ACT - 9

Exhibit A–Expired Mark



THE UNITED STATES OF AMERICA

TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

May 04, 2000

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,197,438* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *June 08, 1982*
*SECTION 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
  *EASEBE ENTERPRISES INC.*

By Authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

T. WALLACE
Certifying Officer

DEMAND FOR JURY TRIAL  TRADEMARK INFRINGEMENT COMPLAINT 1. VIOLATION OF THE
CLAYTON ACT - 10

1
2
3
4
5

Exhibit B

6   Int. Cl.: 41

7   Prior U.S. Cl.: 107

8   **United States Patent and Trademark Office**   Reg. No. 1,197,438
                                                      Registered Jun. 8, 1982
9

10                          **SERVICE MARK**
                            Principal Register
11

12                          **CHIPPENDALES**
13
14
15

Easebe Enterprises Inc. (California corporation)       For: ENTERTAINMENT SERVICES—NAME-
3739 Overland Ave.                                     LY, DISCOTEQUE; MALE DANCE EXHIBI-
16   Los Angeles, Calif. 90034                         TIONS; MUD WRESTLING, in CLASS 41 (U.S.
                                                       Cl. 107).
17                                                     First use Dec. 1, 1978; in commerce Dec. 1, 1978.

18                                                     Ser. No. 305,435, filed Apr. 13, 1981.

19                                                     R. M. FEELEY, Primary Examiner
                                                       JAMES H. JOHNSON, Examiner
20
21
22
23
24
25
26
27
28

DEMAND FOR JURY TRIAL  TRADEMARK INFRINGEMENT COMPLAINT 1. VIOLATION OF THE
CLAYTON ACT - 11

1

2

3

4

5

6   **Exhibit C – Website of Chippendales**



19

20

21

22

23

24

25

26

27

28

DEMAND FOR JURY TRIAL  TRADEMARK INFRINGEMENT COMPLAINT 1. VIOLATION OF THE CLAYTON ACT - 12

1

**Exhibit D**

2

**Plaintiff Evidence Secretary of State of California – Holder of Record 202356716136**



15

16

## Chippendales LLC (202356716136)

17

18

19

Request Certificate

| | |
|---|---|
| Initial Filing Date | 04/24/2023 |
| Status | Active |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Formed In | CALIFORNIA |
| Entity Type | Limited Liability Company - CA |
| Principal Address | 3573 3RD STREET, SUITE 206 LOS ANGELES, CA 90020 |
| Mailing Address | 3573 3RD STREET, SUITE 206 LOS ANGELES,CA90020 |

20

21

22

23

24

25

26

27

28

DEMAND FOR JURY TRIAL  TRADEMARK INFRINGEMENT COMPLAINT 1. VIOLATION OF THE CLAYTON ACT - 13

1

2

3 **EXHIBIT E– FRAUDULENT  CONVEYANCE TRANSFER**

4

5 TRADEMARK ASSIGNMENT

6
WHEREAS, CLP Tour, Ltd., a California limited partnership ("CLP Tour"),
7 Chippendales U.S.A., a Nevada corporation, Chippendales, Inc., a Delaware corporation, Credit
8 International, Inc., a Florida corporation, or Chippendales New York, Inc., a Delaware
corporation (collectively referred to herein as "Assignors"), is the owner of certain trademarks,
trade names, trade dress, logos and service marks (the "Marks"), some of which are registered at
9 or pending before the United States Patent and Trademark Office ("PTO") or in the Trademark
Offices of various countries and jurisdictions around the world, together with all good will of the
10 business connected with the use of and symbolized by the Marks; and

11
WHEREAS, Schedule A contains a list of all active registrations or pending applications
around the world owned by one of the Assignors for trademarks, trade names, trade dress, logos
and service marks; and

12
WHEREAS, Chippendales USA, LLC, a Delaware limited liability company with a place
13 of business at P.O. Box 20240, Greeley Square Station, New York, NY 10001("Assignee"), is
desirous of acquiring all right, title and interest in and to the Marks owned by Assignors
14 including but not limited to those identified in Schedule A hereto, together with all good will of
the business connected with the use of and symbolized by such trademarks; and

15
NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, Assignors agrees as follows:

16
1.    CLP Tour represents that it has full unfettered ownership of all Marks identified on
17        Schedule A, and represent and expressly warrant that the Marks identified in Schedule A
          are free from any liens, security interests of others or any other type of encumbrance to
18        the title, ownership or use thereof, except for liens and encumbrances arising out of or
          relating to the Easebe/Banerjee Dispute (as defined in that certain Asset Purchase
19        Agreement dated as of March 30, 2000 by and between Assignors, as sellers, and
          Assignee, as buyer).

20
2.    Assignors do hereby consent that a copy of this assignment shall be deemed a full legal
21        and formal equivalent of any assignment, and consent and agree that Assignee may file a
          like document which may be required in the United States or any foreign country for
22        prosecuting any application or renewing any registration in Schedule A or for purposes of
          recording assignment.

23
3.    Assignors do hereby covenant and agree with Assignee that, for the next 36 months,
          Assignors will execute and deliver any and all instruments in writing and any and all
24        further applications, papers, affidavits, assignments, and other documents for use in any
          foreign country for which Assignee attempts to obtain a trademark registration, which in
25        the opinion of counsel for Assignee may be required or necessary to effectively secure to
          and vest in Assignee the entire right, title and interest in the United States and/or foreign
26        countries to said Marks.

27

28

4.   Assignors agree, upon the request of Assignee, in the event that any mark in <u>Schedule A</u> becomes involved in a trademark controversy or opposition or cancellation, to extend reasonable cooperation to Assignee in the matter of producing evidence or documents to obtain or retain any rights conveyed in this Assignment.

5.   CLP Tour, as well as the other Assignors hereby sell, set over, assigns grant, deliver, transfer and convey to Assignee any and all right, title and interest in and to the Marks, including but not limited to those identified in <u>Schedule A</u>, which is attached hereto and incorporated herein by reference, together with all good will of the business connected with the use of and symbolized by the Marks.

6.   Assignors hereby authorize and request the Commissioner of Patents and Trademarks of the United States and similarly situated officials in other countries and jurisdictions throughout the world to issue and to record title of Assignee as owner of all right, title and interest in and to each registration or application identified in <u>Schedule A</u> hereto, together with all good will of the business connected with the use of and symbolized by such.

*[Signature page follows.]*

---

1

2

3

IN WITNESS WHEREOF, Assignors have duly executed and delivered this Trademark
Assignment on this 22nd day of March.

Witness:                                    CLP TOUR, LTD.
                                            By: Chippendales, Inc.
                                                General Partner

_____            By: _____
                                                Louis J. Pearlman
                                                President

                                            By: Credit International, Inc.
                                                General Partner

                                            By _____
                                                Louis J. Pearlman
                                                President

Witness:                                    CREDIT INTERNATIONAL, INC.

_____            By: _____
                                                Louis J. Pearlman
                                                President

Witness:                                    CHIPPENDALES U.S.A.

_____            By: _____
                                                Louis J. Pearlman
                                                President

Witness:                                    CHIPPENDALES, INC.

_____            By: _____
                                                Louis J. Pearlman
                                                President

25

26

27

28

DEMAND FOR JURY TRIAL  TRADEMARK INFRINGEMENT COMPLAINT 1. VIOLATION OF THE
CLAYTON ACT - 16

1

2

3

4   Witness:                        CHIPPENDALES NEW YORK, INC.

5                                   By: _____
                                        Louis J. Pearlman
6                                       President

7   Witness:                        CHIPPENDALES USA, LLC

8                                   By: Chippendales Holdings, LLC
                                        Manager
9   _____        By: _____
                                        Robert J. Gentile
10                                      Manager

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit G – Plaintiff Letter of Protest USPTO**

CUI//SP-PRVCY/FEDCON (CUI When Filled In)

| Trademark Identity Verification Form for TEAS/TEASi | Address to:<br>Mail Stop EBC<br>Commissioner for Trademarks<br>P.O. Box 1451<br>Alexandria, VA 22313-1451 | USPTO use only |
|---|---|---|

| Block 1 – Requestor role |
|---|
| Please refer to form Instructions to minimize processing delays |

| Select your filing role: | Paralegals and attorney support staff, please do not use this form. |
|---|---|
| ○ U.S.-licensed attorney<br>○ Canadian attorney/agent<br>◉ Trademark owner | Have your supervising attorney sponsor you at: https://teas.uspto.gov/sponsorship. |

When you verify your identity, your USPTO.gov account will be authorized to make Trademark filings.

Please make sure all the information in Block 2 is an **exact match** to the information in your USPTO.gov account before submitting this form by updating your USPTO.gov account if necessary.

| Block 2 – Requestor information (fill out as completely as possible) | | |
|---|---|---|
| First (given) name<br>Jesse | Middle name | Last (family) name<br>Banerjee |
| Street address (line 1) | 3573 3rd Street suite 206 | |
| Street address (line 2) | | |
| City<br>Los Angeles | State/Province<br>CA | ZIP/Postal code<br>90020 | Country<br>USA |
| Telephone number<br>(select phone location)<br>(310)923-8788 | ○ Home<br>○ Work<br>◉ Cell | USPTO.gov account email address | |

| Block 3 – Type of action requested (must select at least one) | |
|---|---|
| ☐ | Verify an existing USPTO.gov account and authorize it for Trademark filing |
| ☐ | Update USPTO.gov account<br>USPTO.gov email address has been changed.<br><br>Previous email address: |
| ☐ | Change USPTO.gov account holder's name<br>For U.S.-licensed attorneys and Canadian attorneys/agents, the new requested name must correspond to any applicable professional registration records, e.g., bar registration records. Please enter the name under which the USPTO.gov account was previously created below, and enter your new name in the space provided in Block 2.<br><br>Previous name: |
| ☐ | Revoke Trademark authorization for current USPTO.gov account |
| ☑ | Other – describe in detail: |

| Block 4 – Signature (required) |
|---|
| I have read and understand the Terms of Use for USPTO.gov accounts (as listed on https://www.uspto.gov/terms-use-uspto-websites) and my signature on this document, by hand, is my agreement to abide by the Terms of Use and the rules and policies of the USPTO regarding the Terms of Use. |
| I certify that the information, statements and representations provided by me on this form are true and accurate to the best of my knowledge. I understand that a willfully false certification is a criminal offense and is punishable by law (18 U.S.C. 1001). |

| Signature required (requester from block 2) | Date (mm/dd/yyyy)<br>08/03/2023 |
|---|---|

U.S. PATENT AND TRADEMARK OFFICE                         USPTO-TM Form 320 (REV. 1/2022)

1/2

**Exhibit G – HULU Cease and Desist**

Jesse Banerjee
1937 22nd Apt, 4,
Santa Monica 90404
Cell 3109238788

19 November 2022

**VIA CERTIFIED MAIL**

*Hulu LLC – Corporate Headquarters,*
12312 W. Olympic Blvd
Santa Monica, CA 90404
**Attn.:** Robert Siegel, Jenni Konner,
And/or the relevant manager

Dear Robert Siegel, Jenni Konner,

**RE: NOTICE TO CEASE AND DESIST HARASSMENT, INFLICTION OF EMOTIONAL DISTRESS, DEFAMATION, SLANDER, AND/OR LIBEL OF CHARACTER AND REPUTATION**

I am Jesse Banerjee, the eldest son of Steve Banerjee and executor of the Easebe Estate, who is the owner of the CHIPPENDALE TRADEMARK.

I am writing to raise my concern against the use of **CHIPPENDALES's** name or Trademark. It is to bring to your notice that neither Robert Siegel, Jenni Konner, nor any other executive at HULU asked for my consent to use such.

Also writing about your continued, unsolicited actions of unwarranted harassment, and the equivalent thereof, including defamatory, slanderous, and libelous comments that you have continued to write against my father, and members of my family; through which you have continuously attempted to malign and cause irreparable damage to our reputation. You have no right to produce a series about my father's life with baseless claims.

This letter has, therefore, been served to inform you that you are required to **CEASE AND DESIST** all verbal forms of harassment, and unsolicited attempts at maligning my father's reputation, and immediately **CEASE AND DESIST** all attempts at inflicting emotional distress by way of your defamatory remarks and unwarranted behavior.

Should you continue to pursue these actions in violation of this **CEASE AND DESIST NOTICE**, I will not hesitate to pursue further legal action against you, including but not

limited to, civil action and/or criminal complaints; which are forbidden by **California Code, Civil Code-CIV § 3344; Unauthorized commercial use of name, voice, signature, photograph or likeness.**

   **THEREFORE**, you must **IMMEDIATELY STOP AND REMOVE** all harassment and defamatory remarks. Continuing to do so will risk incurring severe legal consequences if you fail to comply with this demand. Failure to comply with this **CEASE AND DESIST NOTICE** and/or send a signed assurance within the **FOURTEEN BUSINESS DAYS** will leave me with no other alternative but to pursue all available legal remedies.If a response is not received by December **05, 2022,** I will have no choice but to pursue all available legal remedies, including:

 i. Bringing a lawsuit against you for harassment, infliction of emotional distress, defamation, slander, libel, among other claims

 ii. Refer the above matter to local authorities for enforcement action

 iii. Seek monetary damages, injunctive relief, and attorney's fees against you, and any persons associated with the defamation who has participated in the unlawful conduct.

   This letter is without prejudice to any rights, remedies, and claims, all of which are expressly reserved.

   **PLEASE TAKE FURTHER NOTICE;** I have the right to remain free from your intimidating tactics, and I will take responsibility upon myself to protect that right. In pursuit of this, a copy of this letter and a record of its delivery will be stored. This letter is admissible as evidence in a court of law and will be used in such if need be in the future.

   **Regards,**
Jesse Banerjee

Heir to the estate of Mr. Somen Banerjee, aka "Steve"

Creator of "Chippendales"

1

## PROOF OF SERVICE

2      I declare I am employed in the County of Los Angeles, State of California.  I am over
the age of eighteen years and not a party to this action.  My business address is Jesse Banerjee
3    3573 3rd Street, Suite 206 Los Angeles, CA 90020

4      On the date set forth below, I served the following document entitled:
       **DEMAND FOR JURY TRIAL**
5      **TRADEMARK INFRINGEMENT COMPLAINT**
       **1. VIOLATION OF THE CLAYTON ACT**
6      **2. LANHAM ACT 15  U.S.C. SECTION43 (A)**
       **3. UNFAIR COMPETITION15 U.S.C.§1125**
7      **4. LANHAM ACTION 14 (3)**
       on the interested parties in this action, as follows:

8

| 9  | Rita Weeks<br>Kilpatrick Townsend and Stockton LLP<br>1114 Avenue of the Americas 21st Floor New York, NY 10036<br>212-775-8700 | Evan S Nadel<br>Kilpatrick Townsend Stockton, LLP<br>Two Embarcadero Center Suite 1900 San Francisco, CA 94111<br>415-576-0200 |
|---|---|---|
| 10 | Fax: 212-504-9566 | Fax:415-576-0300 |
| 11 | Email: rweeks@kilpatricktownsend.com | Email: enadel@kilpatricktownsend.com |

12

13

14      ☐ [By E-Mail]  I caused said document to be sent by electronic
transmission to the e-mail addresses indicated for the parties listed above.
15

16      ☒ [By First Class Mail]  I am readily familiar with my employer's practice for collecting
and processing documents for mailing with the United States Postal Service.  On the date listed herein,
17    following ordinary business practice, I served the foregoing document at my place of business, by placing
true copies thereof, enclosed in sealed envelopes, with first class postage thereon fully prepaid, for collection
and mailing with the United States Postal Service where they would be deposited with the United States
18    Postal Service that same day in the ordinary course of business.

19      ☐ [By Overnight Courier]  I caused each envelope to be delivered by a commercial
carrier service for overnight delivery to the offices of the addressees.
20
        ☐ [By Hand]  I directed each envelope to the parties so designated on the service list to
21    be delivered by courier this date.

22      I declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct, and that this declaration was executed on August 4, 2023.
23

24

25

26

27                                                  /s/Jesse Banerjee

28
                                                  - 1 -