UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 23-3676 PA (PDx) | Date | August 10, 2023 |
|---|---|---|---|
| Title | Jesse Banerjee v. Chippendales USA LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss or For a More Definite Statement (Docket No. 27) filed by respondent Chippendales USA, LLC ("Respondent"). The matter is fully briefed. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument.

## I.     Background

On April 3, 2023, petitioner Jesse Banerjee ("Petitioner") filed the "Petition for: An Order Confirming USPTOdecision [sic] on Chippendales Trademark and All Series Partaining [sic] to Chippendales as Forming Part of the Estate of Somen Banerjee; Requesting §859 Double Damages against Chippendales USA LLC" (the "Petition") in a pending probate matter in Los Angeles County Superior Court, captioned In re: Banerjee, Somen, Case No. 17STPB02593. The Petition alleges that Petitioner is the eldest son of the late Somen Banerjee and is administrator of the estate of Somen Banerjee (the "Estate"). Petitioner "seeks the interest in the trademark of Chippendales as being a proper asset of Somen Banerjee that was fraudulently sold." (Petition ¶ 4, Docket No. 1-1.)

Somen Banerjee created the Chippendales trademark and, as owner and chief executive officer of Easebe Enterprises Inc. ("Easebe"), registered the Chippendales trademark in 1981. The Petition alleges that Somen Banerjee retained ownership of the Chippendales trademark up until his death on October 23, 1994, and that "ownership of the trademark was vested on Somen Banerjee alone as the owner of Easebe Enterprises."[1] (Petition ¶ 9.) However, Petitioner alleges that Somen Banerjee's wife, Irene Banerjee, fraudulently sold the Chippendales trademark to CLP Tours LTD in 1994 by projecting herself as a partner of Easebe and owner of

---

[1]     The Death Certificate of Somen Banerjee, Exhibit B, indicates Somen Banerjee died October 24, 1994.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3676 PA (PDx) | Date | August 10, 2023 |
|---|---|---|---|
| Title | Jesse Banerjee v. Chippendales USA LLC | | |

the trademark.[2/]  Irene Banerjee also allegedly lied that she was divorced from Somen Banerjee and that she had the probate court appoint her as executrix of the Estate. The Petition alleges that she never probated the Estate, did not pay estate taxes for the Estate, and did not receive a letter of administration authorizing her to administer the Estate.

Following the fraudulent sale, Petitioner alleges that CLP Tours LTD sold the Chippendales trademark in 1995 to Lou Pearlman, who created Chippendales USA LLC. Petitioner then alleges another ownership transfer in 2000, from Louis Jay Pearlman to Kevin Denberg. Though it is not clearly alleged how, Petitioner also implicates the sister of Irene Banerjee, Helen Maryman, as assisting in the fraudulent transfer of assets from the Estate. Petitioner further alleges that the United States Patent and Trademark Office ("USPTO") determined that the sale and purchase of the Chippendales trademark from Irene Banerjee to CLP Tours LTD was fraudulent and set aside the sale, thereby voiding the ownership transfer.

The Petition is brought under Probate Code Sections 850 to 859, which "governs conveyances or transfers of property claimed to belong to a decedent or other person." See Est. of Kraus, 184 Cal. App. 4th 103, 110-12, 108 Cal. Rptr. 3d 760 (2010). The Petition "requests this Court order (1) upholding the decision of the USPTO to the effect that the purchase of the Chippendales trademark was fraudulent, (2) the Chippendales trademarks fraudulent sold [sic] forms part of the estate of Somen Banerjee, and to return same to the estate[,] (3) such other relief as the Court deems appropriate." (See Petition at 2.)

On May 12, 2023, Respondent removed the Petition to this Court. Now, Respondent moves to dismiss or, in the alternative, for a more definite statement, pursuant to Federal Rules of Civil Procedure 8, 9, 12(b)(6) and 12(e).

**II.     Legal Standard**

For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice

---

[2/]     The "CLP Tour, Ltd. - Easebe Enterprises, Inc. Purchase Agreement," Exhibit E, is dated October 3, 1994, approximately 21 days before Somen Banerjee's death. Irene Banerjee signed as President of Easebe.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3676 PA (PDx) | Date | August 10, 2023 |
|---|---|---|---|
| Title | Jesse Banerjee v. Chippendales USA LLC | | |

of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. Cnty. of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III.  Discussion

Respondent contends that the Petition fails to plausibly state any cognizable cause of action and that any colorable cause of action is barred by the statute of limitations. For the reasons discussed below, the Court agrees.

The Petition's success hinges upon Petitioner's ability to show that Somen Banerjee, and thereby the Estate, retained ownership of the Chippendales trademark and that the transfer to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3676 PA (PDx) | Date | August 10, 2023 |
|---|---|---|---|
| Title | Jesse Banerjee v. Chippendales USA LLC | | |

CLP Tours LTD was ineffective and void. Petitioner attempts to do so by pleading that the 1994 transfer was fraudulent because Irene Banerjee improperly represented that she had authority to sell the Chippendales trademark. To that end, Petitioner attached a series of corporate filings as exhibits to the Petition. Though Petitioner asserts these exhibits show Irene Banerjee lacked authority, none plausibly show that Irene Banerjee defrauded Somen Banerjee or the Estate.[3/] Furthermore, the Petition's allegations are sometimes contradictory, asserting that Somen Banerjee had title to the Chippendales trademark but that "Somen Banerjee acquired a trademark that he registered and known as Chippendales <u>as the owner and chief executive officer of Easebe</u>" and "[o]wnership of the trademark was vested on Somen Banerjee alone <u>as the owner of Easebe</u>," suggesting that Easebe actually owned the Chippendales trademark. (Petition ¶¶ 7-9.) Petitioner elsewhere alleges that the USPTO determined that the purchase of the Chippendales trademark was fraudulent, based on a November 1, 2022 letter, but that is a clear misstatement of the letter's contents and significance.[4/] Accordingly, the Court finds that the Petition fails to state facts showing a plausible cause of action for fraudulent transfer. Because the relief Petitioner seeks is derivative of the fraudulent transfer claim's success, the Petition fails to sufficiently state any cause of action.

Even if Petitioner could succeed in plausibly stating a claim, however, Petitioner's fraud-based claims would be time-barred. "Generally speaking, the claim underlying a section 850 petition in probate is subject to the same statute of limitations that would apply had an ordinary civil suit been brought." <u>Est. of Yool</u>, 151 Cal. App. 4th 867, 874 n.5, 60 Cal. Rptr. 3d 526 (2007). In California, a claim for fraud has a three year statute of limitations but "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or

---

[3/]   Exhibit D is a "Statement by Domestic Stock Corporation" that lists Irene Banerjee as chief executive officer of Easebe and was filed January 23, 1996. It does not state when Irene Banerjee began that role. Exhibit C is the "Articles of Incorporation" of Easebe, filed August 29, 1975, indicating that Somen Banerjee, Prakash Chandani, and Subrata Banerjee were "first directors." Again, the document fails to address when or if Irene Banerjee became connected to Easebe.

[4/]   The letter, Exhibit F, is a "Notice of Recordation of Assignment Document." Though Petitioner asserts that the letter represents a USPTO determination, such a statement is nowhere included. Instead, the USPTO letter is merely a confirmation of recording with no relevant legal import to this action. <u>See</u> 37 C.F.R. § 3.54 ("The recording of a document pursuant to § 3.11 is not a determination by the Office of the validity of the document or the effect that document has on the title to an application, a patent, or a registration."); TMEP § 503.01(c) ("The act of recording a document is a ministerial act, and not a determination of the document's validity or of its effect on title to an application or registration.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3676 PA (PDx) | Date | August 10, 2023 |
|---|---|---|---|
| Title | Jesse Banerjee v. Chippendales USA LLC | | |

mistake." Cal. Code Civ. P. § 338(d)). "The rule is that the plaintiff must plead and prove the facts showing: (a) Lack of knowledge. (b) Lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date). (c) How and when [s]he did actually discover the fraud or mistake. . . . So, when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to [her] investigation (such as public records or corporation books), the statute commences to run." Parsons v. Tickner, 31 Cal. App. 4th 1513, 1525, 37 Cal. Rptr. 2d 810 (1995).

Here, the Petition fails to plead when Petitioner discovered facts surrounding the alleged fraudulent transfer. Petitioner's Opposition only asserts that "I did not discover these facts and could not, with reasonable investigative diligence, have found them three years before the action." (Opp'n ¶ 11.) The only cited event in support of that position is the Federal Circuit's decision of In re Chippendales USA, Inc., 622 F.3d 1346 (Fed. Cir. 2010), which Petitioner erroneously argues is additional evidence that Respondent does not own the trademark.[5/] (See Opp'n ¶¶ 11-14.) Furthermore, the Court can take judicial notice of USPTO records, see Caiz v. Roberts, 382 F. Supp. 3d 942, 947 (C.D. Cal. 2019), which clearly shows Petitioner was aware of the fraudulent transfer theory as early as September 26, 2016 when he submitted filings to the USPTO recounting that theory in an effort to establish an ownership change. (See Reply Ex. A, Docket No. 34.) Accordingly, Petitioner's claim to any ownership interest of the Chippendales trademark is time-barred and must be dismissed.[6/]

"Although a district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, [d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." Zixiang Li v. Kerry, 710

---

[5/] Petitioner misunderstands that decision, as it did not hold that Respondent had no interest in the Chippendales trademark, but instead held that the mark in question was not inherently distinctive. The mark still qualified for trademark protection through acquired distinctiveness. See In re Chippendales USA, Inc., 622 F.3d 1346, 1349-58 (Fed. Cir. 2010).

[6/] Though Petitioner's argument for the Estate's stake in the Chippendales trademark is clearly rooted in fraud, any other related cause of action would be similarly time-barred. See Cal. Code Civ. P.§ 337 (four year statute of limitations for action upon written contract, including rescission based on fraud), § 339 (two year statute of limitations for action upon oral contract), § 343 (four year "catch-all" statute of limitations for unspecified actions), § 359 (three year statute of limitations against directors, shareholders, or members of a corporation), § 366.1-3 (one year statute of limitations for action brought against deceased or action to enforce claim to distribution). Petitioner's delay of nearly 6 years is therefore dispositive under any theory.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3676 PA (PDx) | Date | August 10, 2023 |
|---|---|---|---|
| Title | Jesse Banerjee v. Chippendales USA LLC | | |

F.3d 995, 999 (9th Cir. 2013) (internal quotations and citations omitted); see also Steckman v. Hart Brewing, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." (internal citations omitted)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." U.S. ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) (internal citations and quotations omitted). Because Petitioner's challenge to ownership of the Chippendales trademark is time-barred, the Court finds leave to amend would be futile. The Petition is therefore dismissed without leave to amend.[7]

### Conclusion

For all of the foregoing reasons, the Court grants the Motion to Dismiss. The Petition is dismissed without leave to amend. The Court orders Petitioner's Amended Complaint, Docket No. 37, stricken. The Court will enter a Judgment consistent with this order.

IT IS SO ORDERED.

---

[7] On August 4, 2023, Petitioner filed an Amended Complaint that included additional defendants and causes of action. (See Docket No. 37.) However, Petitioner did not seek leave from the Court to amend, nor does it appear that Petitioner obtained consent from Respondent before filing the Amended Complaint. Generally, "[a] party may amend its pleading once as a matter of course within: (a) 21 days after serving it, or (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Because the Petition was served more than 21 days ago and more than 21 days have passed since Respondent filed the Motion to Dismiss, Petitioner could only amend after first obtaining "the opposing party's written consent or the court's leave." Id. at 15(a)(2). If Petitioner had obtained Respondent's written consent, then Petitioner would have been required to place a stipulation on the record to notify the Court. See L.R. 7-1 ("Stipulations will be recognized as binding only when made in open court, on the record at a deposition, or when filed in the proceeding. Written stipulations affecting the progress of the case shall be filed with the Court, be accompanied by a separate order as provided in L.R. 52-4.1, and will not be effective until approved by the judge, except as authorized by statute or the [Federal Rules]."). Accordingly, the Court must strike the Amended Complaint from the record for failure to comply with Rule 15(a)(2). However, after reviewing the Amended Complaint, it is evident that Petitioner lacks any additional facts to plausibly state a cause of action or establish that his action is not time-barred.